## No. 10,273.

### THE EMPIRE ZINC COMPANY *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided April 3, 1922.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Findings of Commission.* On review of an industrial commission case, the appellate court may consider only the question of whether there is evidence to support the findings of the commission. The award is conclusive upon all matters of fact properly in dispute, where supported by evidence or reasonable inference to be drawn therefrom.

2. *Wife—Dependency.* Under the provisions of section 52, chapter 210, S. L. 1919, a wife is presumed to be wholly dependent upon her husband for support, unless she be voluntarily separated, living apart from, and not dependent upon him in whole or in part, all three of which elements must be made to appear before the presumption of dependency can be overthrown.

3. *Dependency of Wife—Evidence.* Evidence reviewed and held to support the findings of the commission that the claimant was not voluntarily separated or living apart from her husband at the time of his death, and that she was wholly dependent upon him for support.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. EDWARD C. STIMSON, Mr. PAGE M. BRERETON, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. JACOB V. SCHAETZEL, Mr. WALTER E. SCHWED, for defendants in error.

*En banc.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is an action brought in the district court of the City and County of Denver to set aside the finding and award of The Industrial Commission in the matter of the claim of Zuzanne Zajac under the Workmen's Compensation Act. The court confirmed the findings and award of the Commission and the plaintiff brings error.

The findings of the Commission, so far as now material, are as follows:

"From the evidence submitted herein, the Commission further finds that the decedent and the claimant, Zuzanne Zajac, were married February 17th, A. D. 1901, in Val. Dubova, then a part of Austria. That the decedent came to America some time in 1902, and from that date until the date of his death, lived in the United States of America. That as a result of the marriage above described one child was born, now nineteen years of age, and married to Paul

Kerewkini, of Val. Dubova, now Czechoslovakia Republic. That during all of the time between 1902 and a short time prior to the decedent's death, the claimant and the decedent kept in touch with each other and recognized the relationship that existed between them. That prior to the World War the decedent contributed to the support of the claimant herein. That on March 30th, A. D. 1920 the decedent wrote a letter to the claimant which would indicate that he was in hopes of returning soon to his family in Europe and that he had endeavored, to the best of his ability, to write to the claimant and in other ways clearly recognized the relationship existing between the decedent and the claimant.

"We feel that we must take notice of the war conditions that have existed in the world since 1914. It is a matter of common knowledge that communication between Europe and the United States, since the declaration of war in 1914, has been difficult and at times impossible. *  *  *

"In this case, the claimant has established her relationship to the decedent. Her evidence clearly indicates that the separation between the decedent and the claimant was not voluntary on the part of either. We, therefore, find that the claimant was not voluntarily separated or living apart from the decedent at the date of his death.

"We further find that the decedent made no contribution to the claimant during the period of the world war beginning 1914 and continuing to the date of his death. We hold, however, that where the evidence of the marriage relation is proven and it is established that such relationship continued until the date of decedent's death, that the marriage under our law is sufficient to entitle the wife to claim total dependency regardless of the actual dependency that may exist."

The plaintiff in error insists that the evidence submitted is insufficient to support the finding, under section 52 of the Act, which provides:

"Section 52. For the purposes of this act the following described persons shall be conclusively presumed to be wholly dependent:

"(a)   Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support."

We said in *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369:

"This court may consider only the legal question of whether there is evidence to support the findings, and not whether the Commission has misconstrued its probative effect.   The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence, or reasonable inference to be drawn therefrom."

The evidence with respect to the relationship of the claimant and the decedent consists of the claimant's deposition taken in Valaske Dubova, Czechoslovakia Republic, to which is attached two exhibits, one the certificate of marriage and the other a letter to her from her husband, dated at Leadville, Colorado, March 30, 1920.

That the claimant and decedent were husband and wife is not controverted.   That being so, she is conclusively presumed, under the language of the act, to be wholly dependent, unless it shall be made to appear that she was (1) voluntarily separated and (2) living apart from her husband at the time of his death, and (3) was not dependent in whole or in part on him for support.   The statute is in the conjunctive, and all three of these elements must be made to appear before the conclusive presumption of dependency of the wife can be overthrown.

The testimony of the claimant supports the finding of the Commission, when she says in her deposition that "I could not have supported myself without the help of my husband."   The evidence shows that there was no divorce or legal separation or estrangement, nor any intention on the part of either spouse not to maintain the marriage relationship.   It is true the separation was an unusually protracted one.   But the question does not turn on time or distance, but upon the nature and character of the ab-

sence and the intention of the parties respecting it. Intent is an important element in determining the nature of the absence. There is no evidence suggesting the inference that either the claimant or the decedent had intentionally abandoned the other, or had formed the intention of permanently living separate and apart from the other spouse. The last letter of the decedent to his wife was couched in most endearing and affectionate terms both to her and their daughter, in which he consoles his wife in her loneliness, with the hope of an early return to her.

We think the evidence sufficient to support the finding, and the judgment of the district court is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.