## No. 13,342.

Rogers *v.* Industrial Commission et al.

(28 P. [2d]·343)

Decided December 11, 1933. Rehearing denied January 2, 1934.

Mr. Charles E. Compton, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Morris S. Ginsberg, Assistant, Mr. Lowell D. Hunt, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a "Workmen's Compensation" case. Plaintiff in error is hereinafter referred to as Mrs. Rogers, her deceased husband as Rogers, and defendants in error as the commission and the company respectively.

Rogers, an employe of the company, filed claims with the commission for injuries alleged to have resulted from four accidents arising out of and in the course of that employment. The first of these was said to have occurred in the spring of 1919, the second in the fall of 1927, and the last two in the early months of 1928. These claims were contested and, on hearing, finally decided against Rogers. He died December 9, 1929, Mrs. Rogers, his widow and sole heir, sought, and was refused, a review and an allowance of the claims. Thereupon she brought this action seeking to have the award of the commission set aside on the ground of fraud. General demurrers to the complaint were sustained, she elected to stand, and the cause was dismissed at her costs. To review that judgment she prosecutes this writ.

 From the 17 pages of this complaint it would be difficult to spell out its basis but for the unequivocal declaration of counsel that that basis is the contention that the "award was procured by fraud." The only fraud alleged is the false, colored, and prejudicial testimony of witnesses for the company. The entire record is before us. There is nothing to indicate that the evidence will not be the same if a review is ordered, and nothing to indicate that every material fact relating to it, and to the witnesses, was not known to Rogers, his counsel, and the commission, at the time of the hearing. It was flatly contradicted by the witnesses for Rogers. The commission had the duty, and the sole power, to find the facts from this conflicting evidence. The question was whether Rogers' injuries were due to accidents arising

out of his employment or due to disease wholly disassociated therefrom. The commission believed the witnesses for the company and disbelieved those for Rogers. Such was their province and we can not invade it. *Empire Zinc Co. v. Industrial Commission,* 71 Colo. 251, 206 Pac. 158. *Industrial Commission v. Aetna Life Ins. Co.,* 88 Colo. 82, 292 Pac. 229.

■■ The statute provides that awards may be set aside on the ground of fraud. C. L. 1921, p. 1256, §4477. But a showing of conflicting evidence and an allegation that some of it was false, or that it was given by prejudiced or interested witnesses, when such facts were before the commission, is no plea of such fraud as the statute contemplates. Otherwise these cases would never terminate. Such so-called fraud presents, and here presented, an issue solely for the commission, and its conclusion thereon is final.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE BOUCK concurs in the conclusion.

MR. JUSTICE BOUCK, specially concurring in the conclusion.

The rejection of the claims made by plaintiff in error's deceased husband under the Workmen's Compensation Act became final on June 7, 1930, no petition for review having been seasonably filed in regard to the award of May 27, 1930. Thereafter any reopening of the case would necessarily be under C. L. '21, §4484, which confers discretionary power upon the Industrial Commission to act. The commission declined to reopen the case when petitioned by the widow on September 9, 1931, to do so. There is nothing in the record to indicate an abuse of discretion. The judgment of the district court, affirming the decision of the Industrial Commission, is therefore properly affirmed. I limit my concurrence to

the one point thus involved. As to other matters discussed, but not involved, I express no opinion.