## No. 11,414.

## EMPLOYERS MUTUAL INSURANCE CO., ET AL. *v.* INDUSTRIAL COMMISSION, ET AL.

Decided January 4, 1926.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1. WORKMEN'S COMPENSATION—*Amputations—Statutory Construction.* Paragraph c, of section 4447, C. L. '21, has no reference to the specifications for loss of an arm, and an employe whose arm is amputated two inches above the elbow is entitled to compensation for 208 weeks.

2. *Errors of Law—Correction.* Where there is an erroneous interpretation and application of the provisions of the workmen's compensation act by the industrial commission in fixing the time for which compensation should be paid an injured employe, it is an error of law which may be corrected at any time, even after a lump sum settlement based on the original award.

3. STATUTES—*Revision for Legislature, not the Courts.* If the provisions of a statute are inexpedient or the consequences of their application at variance with proper judicature, the remedy lies with the legislature and not with the courts.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Mr. F. J. KNAUSS, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE district court affirmed the commission's second award which increased the allowance from 139 to 208 weeks. We think the commission and the court were right. The material facts are that on March 5, 1923, Duran, by accident in the course of his employment, lost his arm two inches above the elbow; the commission awarded compensation for 208 weeks, and plaintiffs in error claim it should have been 139 weeks.

Compiled Laws, § 4447, which governs the case, specifies compensation for "loss of one arm between elbow and shoulder, 208 weeks; loss of forearm between wrist and elbow, 139 weeks * * *. (c) Whenever amputation is made between any two joints mentioned in this schedule * * * the resulting loss shall be estimated as if the amputation had been made at the joint nearest thereto." It is plain that this would mean that Duran ought to have the compensation specified for loss at the elbow, but there is no specification for compensation for loss at the elbow. The insurer says that the compensation should be 139 weeks, but that is to say that "at the elbow" means "below the elbow," to support which there is no ground. Neither is there ground to say that "at the elbow" means "above the elbow." The reasonable conclusion is that paragraph (c) has no reference to the specifications for loss of the arm, which leaves 208 weeks for loss between shoulder and elbow as the correct award. What compensation should be awarded for a loss actually at the elbow is a question not now before us.

The commission first awarded 139 weeks, which on its own motion, under C. L. § 4484 (section 110 of the act), it afterwards changed to 208. Plaintiff in error says it had no jurisdiction to make this change.

The original award was November 9, 1923, 139 weeks. January 17, 1924, Durant filed a petition for review which was denied as too late. March 14, 1924, on its own motion, the commission ordered a further hearing on the ground of errors, inter alia, that it appeared "that the amputation of said arm was between the elbow and shoulder, for which

the specific schedule provides 208 weeks disability," the further hearing was had, and, May 29, 1925, the award was entered for 208 weeks, with no change in facts. It is claimed that since the facts were the same the award should have been the same, but the error was of law, not fact, and, as we have shown above, the correction was right.

Between the date of the order for further hearing, however, and the new award, the claimant applied for and was granted a lump sum settlement which was paid, and it is claimed that this was such a final disposition as to deprive the commission of power to act further. It is also claimed that the original award was a final judgment which exhausted the powers of the commission unless changed conditions should appear. The claim is unsound. *London Guar. Co. v. Ind. Com.*, 72 Colo. 177, 210 Pac. 70; *Industrial Com. v. Employers' Liability Co.*, 78 Colo. 267, 241 Pac. 729, decided at the present term. C. L. § 4484 is as follows: "Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, * * *."

There can be no doubt that the error of law, i. e., 139 for 208 weeks, might, under this section, be corrected at any time. The statute is, in this respect, too plain for construction. If this is inexpedient or its consequences at variance with our ingrained ideas of proper judicature, it is a matter for the consideration of the general assembly. *London Guar. etc. Co. v. Industrial Com.*, 78 Colo. 478, 242 Pac. 680. We think this is true although the lump settlement was allowed. There is nothing to show that anything more than a settlement of the first award was intended and it was so computed; moreover further hearing on application for modification of that award was pending when the lump settlement was allowed. It is not likely that the commission intended to waive the pending application; but even after lump settlement, why should not an error of law be cor-

rected? There are decisions to support either side of the case, but upon the plain words of the statute we think the matter is clear.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.