## No. 11,987.

### Employers' Mutual Insurance Company, et al. v. Industrial Commission et al.

Decided February 20, 1928.

Proceeding under the Workmen's Compensation Act. Judgment for claimant.

### Affirmed.

1. Workmen's Compensation—*Final Award*. Although § 95, S. L. '23, provides that if no petition for a review is filed an award shall be final, this does not preclude the commission from reviewing the award on its own motion.

2.      *Award—Payment—Review.*  Payment in full of an award of the
        commission does not bar a review, under C. L. § 4484.

3.      *Sufficiency of Evidence.*  Where there is direct and positive evi-
        dence sufficient to support an award of the commission, the Supreme
        Court on review cannot consider evidence to the contrary.

4.      *Weight of Evidence.*  The Supreme Court in reviewing an indus-
        trial commission case will not reverse the award where doubt arises
        purely on the weight of the evidence.

*Error to the District Court of the City and County of
Denver, Hon. Robert G. Smith, Judge.*

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
JEAN S. BREITENSTEIN, Assistant, Mr. OTTO FRIEDRICHS,
Assistant, for defendants in error.

*Department Two.*

MR. CHIEF JUSTICE DENISON delivered the opinion of the
court.

THE district court affirmed an award of the Industrial
Commission which gave Peterson ten dollars per week
for life.  The employer and insurance carrier bring error.

No question was raised before the commission except
upon the extent of the injury and disability.  The plain-
tiffs in error make two points:  (1) That the commission
exceeded its powers; (2) that the evidence is insufficient
to support the award.

The claimant was hit on the right hip by an iron bar
while mining coal, November 13, 1924.  May 6, 1925,
there was a hearing before referee Mowry where two
physicians testified for claimant and one for the em-
ployer without serious disagreement, and the referee,
following the claimant's witnesses rather than the em-
ployer's, awarded four weeks' total disability and ten
per cent permanent disability due to the accident.  It

appeared that much disability was due to a previous accident and to hernia.

August 10, 1925, the commission of its own motion reopened the case and ordered another hearing to determine the permanent disability, if any. At this hearing Dr. Vinland, for the claimant, testified that he could find no objective symptoms of injury, but merely claimant's statements and expressions when his leg was touched. X-ray pictures were then taken by Dr. Coleman, and there was a further hearing September 3, 1925, when Dr. Vinland testified that two out of the three X-ray pictures showed a crack about four inches long in the right femur. That the proper practice was to keep the claimant in bed; that his present disability was total, but was in part due to the old injury; that he had tested but failed to discover any tendency to atrophy or paralysis. The commission or the referee then referred the case to Dr. Van Meter for examination and report. October 21, 1925, he filed a written report that the X-ray plates did not show a disability by fracture; that the indications were that the disability was due to infection of the teeth. November 13, 1925, the fourth hearing was held before referee Smith, where Dr. Van Meter was cross-examined, and he said that the cause of the disability existed before the injury; that the injury was to soft tissue, and, if it was due to the accident, would have healed shortly; that he suspected infection of the teeth; that the disability was total, but only in part due to the accident.

The commission on December 16, 1925, entered an award which found the claimant still disabled as a result of the accident, and awarded compensation of five dollars a week during disability. An application for review was filed and on June 8, 1926, of its own motion, the commission ordered further hearing which was held June 30, 1926. The claimant testified he was still unable to work. Dr. Bocock, superintendent of the Colorado General Hospital, in a subsidiary report on request from the commission said: "Nothing whatsoever can actually be found

upon the most minute examination that would account for such exaggerated soreness as he complains of,'' and thought that the difficulty was either hysterical or pretended.

The claimant was ordered referred to a neurologist, and August 10, 1926, the sixth hearing was held. Dr. Bluemel, neurologist, to whom the commission had referred him for examination, testified that he could find no cause for the pain complained of; that it was either imaginary or feigned; that the fracture suffered could not cause the pain complained of; that he could go back to work if he made up his mind to; the fracture shown in the X-ray pictures should heal in a few weeks. Dr. Van Meter said that claimant was not disabled; that his leg was normal. Dr. Coleman identified the X-ray pictures and said that they showed a fracture from which the leg should be well and free from pain at that time; that so far as the fracture was concerned the claimant could do full work as a coal miner. The claimant testified that he was subject to great pain, loss of appetite and inability to work; that he was obliged to use crutches. Dr. Vinland testified that he found the claimant worse and that the accident had caused permanent neuritis of the main nerve of the leg. This might never heal. That there was a depression at the point of the injury which could be seen by the naked eye, and that it might result in atrophy and that the claimant was totally and perhaps permanently disabled. It had got worse since his first examination; that though he hadn't been able at first to see any objective symptom there was now a mark that would be quite visible. Dr. Yager said he made a careful examination of claimant's leg and didn't find anything; the muscles seemed a little atrophied; that he could not find any condition to account for the claimant's complaint of tenderness; that he had seen the X-ray pictures and that he had seen no fractures; that if the claimant wanted to go to work he could do so; that there was nothing the

matter with him. On this the referee made the finding that the symptoms were hysterical and awarded compensation at the rate of $10 a week from November 24, 1924, to May 20, 1926, for temporary total disability; thereafter at the same rate for ten per cent permanent disability according to the referee's first award. There was no application for review of this award, and the compensation was paid in full, $914.71 and receipts filed with the commission.

The commission of its own motion caused another hearing to be held May 18, 1927, before referee Hogg. It appeared that since the last hearing the claimant had been examined by Drs. Norman, Osborne, Holcomb and Pickard, none of whom, however, was called as a witness; that he is still obliged to use crutches; that in January, 1927, Dr. Holcomb operated on claimant's right leg and removed some bone. Dr. Vinland was called as a witness again, said he had examined the claimant again and found no change; that claimant was unable to work and was permanently injured.

July 7, 1927, the commission entered a supplemental award. The award reads: "The commission has fully reviewed all of the records and files herein and after considering all of said evidence is of the opinion that the claimant in this case is permanently and totally disabled as a result of his accident. The finding therefore is that the claimant should be awarded compensation for permanent total disability, dating from November 24, 1924. It is therefore ordered: That the respondents pay compensation at $10.00 per week, from November 24, 1924, during claimant's life-time, or so long as he shall be totally and permanently disabled, or until otherwise ordered by this commission, or until his right to compensation herein terminates by law."

The plaintiffs in error claim, and it is not controverted, that the commission was mistaken in saying that it had fully reviewed the evidence, because the evidence upon

which the award of August, 1926, was based was not transcribed until some time after the commission's latest award, July 27, 1927.

An application for review of this supplemental award was filed July 14, 1927. It was denied July 24, 1927. The action in the district court was commended September 29th.

It is claimed that the commission acted without and in excess of its powers, in entering the award of July 7, 1927, because the award of August 19, 1926, had become final and had been paid in full.

The statute, S. L. 1923, p. 755, § 95, and p. 757, § 97, provides that if no petition for review is filed, the referee's award shall be the final award of the commission, but we have held that this does not bar the commission from review of its award of its own motion, but only on the motion of a party (*State Fund v. Industrial Com.*, 80 Colo. 130, 249 Pac. 653), and payment in full does not bar the review under C. L. § 4484. *Employers Co. v. Industrial Com.*, 78 Colo. 501, 502 and 503, 242 Pac. 988; *Industrial Com. v. Employers Corp.*, 78 Colo. 267, 241 Pac. 729. But said section 4484 allows review only on account of "error, mistake, or a change in conditions," and plaintiffs in error say that no error or mistake or change in conditions is shown; it appears, however, that after the award of August, 1926, and before the order for further hearing, the claimant's leg was operated on without benefit and Dr. Vinland testified that the consequences of the accident had progressed for the worse. The case then presents a remarkable state of facts: Eight physicians testify that the claimant could go back to work, and one that he is permanently disabled. Some of the eight were called by the claimant himself to prove his case, and three who were employed by him, one of whom operated on him, were not called by him to testify at all, and no sufficient explanation is made of the failure of any one of the three to testify. There have been the findings of three referees, who saw and examined the

witnesses, and awards on their reports, the last one of which was paid in full. The commission did not see or examine witnesses and did not examine all the evidence, although they thought they had, yet they reverse their referees and decide the case on the testimony of one physician against the testimony of eight, some of whom were experts, some of whom were appointed by the commission itself or by the referee for the special purpose of examining the claimant, and against the probable adverse opinion of three more; and yet, since there is the evidence of Dr. Vinland and of the claimant himself, direct and positive and, by itself, quite sufficient, we cannot consider the evidence to the contrary. *DeBeque Association v. Industrial Com.,* 83 Colo. 158, 262 Pac. 1019; *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006. We cannot say that there is no evidence, or that "the evidence is so weak that it amounts to no evidence." *Industrial Com. v. Hover & Co.,* 82 Colo. 335, 259 Pac. 509. The case presented is one in which the doubt arises purely on the weight of evidence, and we cannot, without violation of the statute, reverse it.

Judgment affirmed.

MR. JUSTICE BUTLER, MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS concur.