## No. 12,236.

### COLORADO FUEL AND IRON COMPANY *v.* INDUSTRIAL COMMISSION, ET AL.

Decided February 4, 1929.  Rehearing denied March 11, 1929.

Mr. FRED FARRAR, Mr. WENDELL STEPHENS, for plaintiff in error.

Mr. WILLIAM T. BURRIS, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is a writ of error to review a judgment of the district court, affirming the findings and award of the Industrial Commission of Colorado.

Longino Medina was an employee of the Colorado Fuel and Iron Company, engaged in coal mining at the company's mine at Ideal, Colorado. He accidently sustained personal injuries. Due and proper notice of his injuries was served upon the company, and thereafter, and on June 24, 1925, a hearing, before the referee of the Industrial Commission, was held at Walsenburg, Colorado.

Longino Medina will hereinafter be referred to as the claimant; the Colorado Fuel and Iron Company as the company; the Industrial Commission of Colorado as the commission and the referee of said commission as the referee.

The findings and award of the referee, following the hearing at Walsenburg, Colorado, were made on July 13, 1925, and contained the following pertinent language: "Claimant sustained an accident arising out of and in the course of his employment December 10th, A. D. 1924, and left work upon that date. * * * His permanent disability, if any, cannot be determined. * * * It is further ordered that this claim be set for further hearing at Walsenburg, Colorado, on the referee's next trip after June 1st, A. D. 1926, for the purpose of determining claimant's permanent disability, if any."

On July 27, 1926, at Walsenburg, Colorado, the referee entered an order: "That this claim be set for final hearing at Walsenburg, Colorado, after February 1st, 1927."

On April 13, 1927, at Pueblo, Colorado, a further hearing in this case was had, resulting in a supplemental award, made on May 16, 1927, in part as follows:

"Claimant sustained an accident as set forth in the referee's award dated July 13th, 1925. * * * and the claimant has sustained no permanent disability.

"Ordered, that the claim for compensation from and after April 28, 1925, be and the same hereby is denied.

''And this commission does hereby retain jurisdiction of this claim until the same is finally and fully closed.''

Nothing further was done in this case until after December 14, 1927, when a letter was written to the commission, in behalf of the claimant, calling to the attention of the commission, an alleged injustice done claimant, and asking that the case be reopened. Thereafter, and on December 16, 1927, the commission caused notice to be served upon claimant and the company, that a further hearing in this matter would be had at Pueblo, Colorado, on December 28, 1927, to determine ''claimant's right to further compensation benefits herein, degree and extent of permanent disability, if any.''

The company appeared and made the following objection to the hearing: ''I want to object to the reopening of this case on the ground that there has been a final order entered, and there has been no petition for review filed up to the present time, or at any time, to the final order of the referee dated May 16, 1927, and there has been no reason assigned by the commission for the reopening of the case.'' To which objection, interposed by the company's counsel, the referee made the following order: ''Ruling reserved for the Commission.'' Thereupon, witnesses were produced and testified, and at least one witness was called by the company.

On January 30, 1928, the commission made and entered its findings of fact and award, and therein found that claimant's ''Permanent disability consists of a partial disability equal to 25 per cent of permanent total disability.'' And fixed his maximum compensation at $3,120. The findings of fact and award of the commission, under date of January 30, 1928, also contained the following: ''In the above entitled cause, respondent employer (the company) appeared by D. C. McGrew, the commission having fully reviewed all of the records and files herein, including the referee's award of May 16, 1927, *as prayed by the claimant's petition therefor, filed*

*May 17th, 1927,* and being now fully advised in the premises, finds as follows.''

The company filed its petition to review the findings of fact and award of the commission, within the time provided by law, and thereafter, and on February 20, 1928, the commission entered its supplemental award, in which it ''Finds: That the award of this commission, dated January 30, 1928, is correct and should be affirmed as the final award of this commission. It is therefore ordered that the award of this commission, dated January 30, 1928, be, and the same hereby is, affirmed as the final award of this commission.''

The company thereupon commenced its action in the district court, and being dissatisfied with the determination of the cause there, brings the cause here for review.

The errors of which the company complains may be summarized as follows: (1) The reopening of the case, by the commission, after the supplemental award of the referee, of May 16, 1927, which, it claimed, was a final award; and (2) the insufficiency of the evidence to support the commission's award of January 30, 1928 and February 20, 1928.

1. It is conceded by counsel for claimant, as we understand his position, that the referee's award of May 16, 1927, became and was the final award, because no petition for review thereof was filed by claimant, but counsel for claimant does contend that the commission, under the provisions of section 4484, C. L. 1921, had the right and power, and exercising the same, did reopen this case upon its own motion. The statute upon this phase of the question is as follows: ''Upon its own motion on the ground of error, mistake or a change in conditions, the commission may at any time after notice of hearing to the parties interested, review any award and on such review, may make an award ending, diminishing, maintaining or increasing the compensation previously awarded, subject to the maximum and minimum provided in this act and shall state its conclusions of facts and rulings of law,

and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any moneys already paid.''

It will be noted that there is no requirement in the statute that directs the commission to set forth or disclose, in its order reopening the case, any cause or reason therefor. However, the commission, when reopening a case on its own motion, is limited in its review to ''error, mistake or a change in conditions.''

If this matter is reversed and remanded, the commission, under the statute, supra, would have the unquestioned power to enter an order reopening the case, for any reason within the purview of the statute, and we would be following rather a technical procedure under the circumstances.

Our statutes, section 4479, C. L. 1921, provide: ''Trial shall be to the court without a jury and upon the record of the commission returned to said court. Upon the trial of any such action the court shall disregard any irregularity or error of the commission unless it be made affirmatively to appear that the party complaining was damaged thereby.''

The commission had the power to review the award of May 16, 1927, on its own motion, for error, mistake or a change of conditions, and the award of January 30, 1928 is proof conclusive that the commission not only believed that a mistake had been made, but that it felt obliged, under the oath of its members, to take immediate steps to correct it.

We do not believe that under the provisions of section 4479, supra, the court should be called upon to reverse the district court, which affirmed the commission's award, simply because of an untrue, although unnecessary, recitation in the award itself, unless it affects the substantial rights of the parties.

Counsel for the company say that its substantial rights have been affected, because it is now obliged to pay the sum of $3,120, whereas, under the referee's award, noth-

ing was due. The fact is that this amount was always due, if the findings of the commission are correct, and only because of the mistaken view and erroneous conclusions of the referee, was the claimant deprived of a right to which he was, under the provisions of the Workmen's Compensation Act, entitled. And the fact, that the company is now obliged to pay that which it should rightfully and lawfully have been required in the first instance to pay, does not affect its substantial rights.

The commission had the power to reopen the case, and it having done so, the company cannot complain, and this without respect to any incorrect statement as to the commission's reason for so doing. It is persuasive to note, that in many of the cases in this court, if not all of them, where the award of the referee has been reopened by the commission upon its own motion, no recitation of that fact is contained in the records or files.

The true test in this case is: Supposing the commission, under all the circumstances of this case, believing that error, mistake or a change of conditions existed, had it the power to reopen the case? It unquestionably possessed this power, and therefore, committed no error in disregarding, if not expressly overruling, the objection that the award of May 16, 1927, was the final award, and could not be reopened.

2. There was evidence upon which the commission could have found, and which justified its findings, as to claimant's permanent disability, and under the repeated decisions of this court, in construing the statutes relative to workmen's compensation, we are precluded from reviewing the evidence, and substituting our opinion for that of the commission, expressly empowered by statute to pass upon these questions.

In *Employers' Company v. Industrial Commission*, 83 Colo. 315, 321, 265 Pac. 99, we said: ''Since there is evidence * * * direct and positive, and, by itself, quite sufficient, we cannot consider the evidence to the contrary. *DeBeque Association v. Industrial Com.*, 83 Colo.

158, 262 Pac. 1019; *Industrial Com. v. Hammond,* 77 Colo. 414, 236 Pac. 1006. We cannot say that there is no evidence, or that 'the evidence is so weak that it amounts to no evidence.' *Industrial Com v. Hover & Co.,* 82 Colo. 335, 259 Pac. 509. The case presented is one in which the doubt arises purely on the weight of evidence, and we cannot, without violation of the statute, reverse it.''

The rule announced in the Employers' Company case, supra, is consistent with the repeated decisions of this court.

Judgment affirmed.