No. 13,746.

INDUSTRIAL COMMISSION ET AL. *v.* WHITE.

(49 P. [2d] 434)

Decided September 9, 1935. Rehearing denied September 30, 1935.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINS-BERG, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

A PROCEEDING under the Workmen's Compensation Act. The commission rejected the claim, but the district court, moved thereto in a proper proceeding, ordered allowance and directed the commission to make award. Error is assigned.

It appears that May 24, 1933, claimants' decedent underwent an appendectomy; that gangrenous conditions

developed and drainage tubes in the incision were neces-
sary; that June 26, 1933, he returned to work, but in the
course thereof, at intervals, he suffered pain; that Decem-
ber 19, 1933, while in the course of his employment, he
fell across a steel I beam in such manner as to cause
a sensation of pressure on his abdomen and pain; that
on the following day, in attempting to raise a heavy
object he again experienced pain in the abdominal re-
gion, his condition necessitating his removal to a hospital,
where he was immediately operated for an obstruction
of the small intestine; that the fourth day following the
operation he died of acute nephritis primarily caused by
the obstruction. It further appears that growing out
of the first operation there were adhesions, not unusual
where drainage is maintained through an incision, and
that a loop of the intestine incarcerated in the band of
adhesions brought about the obstruction.

It seems conceded that if the decedent's fall across the
I beam and the strain occasioned by raising a heavy
object, or either, caused the looping of the intestine, re-
sulting in the obstruction which led to death, then his
dependents, claimants, are entitled to compensation. On
the other hand, if the adhesions following the first oper-
ation caused the complications resulting in death, recov-
ery is precluded. Some seven physicians testified as to
the cause of death. They were not in agreement. Some
thought that to the fall and exertion of heavy lifting by
decedent while on duty, the result was attributable, while
others were of the opinion that the adhesions which fol-
lowed the first operation caused the tragic ending.

 Were we a fact finding tribunal the situation
would present perplexities. In that realm of determina-
tion, however, we may not enter, for in cases of this char-
acter it is the function of the Industrial Commission to
find the facts; and it found that ''decedent died as a
result of natural complications following his first oper-
ation, in May, 1933.'' The finding has respectable evi-
dentiary support and is controlling. *Industrial Commis-*

*sion v. Diveley,* 88 Colo. 190, 294 Pac. 532; *Industrial Commission v. Aetna Life Ins. Co.,* 88 Colo. 82, 292 Pac. 229; *Colorado Fuel and Iron Co. v. Industrial Commission,* 85 Colo. 237, 275 Pac. 910. We regard *Carroll v. Industrial Commission,* 69 Colo. 473, 195 Pac. 1097, cited by defendants in error, as distinguishable.

Let the judgment be reversed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.