No. 13,889.

Di Gregorio *v.* Monroe Coal Company et al.
(55 P. [2d] 715)

Decided February 24, 1936.

Mr. Albert E. Zarlengo, for plaintiff in error.

Mr. Paul P. Prosser, Attorney General, Mr. Louis Schiff, Assistant, Mr. Frank C. West, for defendants in error.

*In Department.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

This is a workmen's compensation case. Plaintiff in error is hereinafter referred to as claimant and defend-

ants in error as the Coal Company, the Insurance Company, and the Commission respectively.

Claimant was employed by the Coal Company whose insurance, under the statutes applicable, was carried with the Insurance Company. He claimed disability due to an accident, occurring February 25, 1935, arising out of and in the course of his employment. He filed his claim and a hearing was had thereon. The Commission found "from the medical testimony" that claimant's disability was due to "sub-acute appendicitis" and was "neither caused nor aggravated" by the accident. On an application for review the award was affirmed, and this action in the district court followed. The court upheld the Commission and to review its judgment, entered accordingly, this writ is prosecuted.

The only question raised by the assignments and argued by claimant's counsel is, Was claimant entitled to compensation for temporary disability in view of the Commission's finding that "This accident occurred on February 25, 1935, claimant left work as a result thereof that same day." The argument assumes that this is a finding of disability caused by the accident, such as to oblige cessation of labor. This may appear at first glance but upon further examination there is nothing to support the conclusion. Claimant may well have quit work as a result of the accident although the accident caused no disability whatever. That the Commission did not intend by the language quoted to find that the accident caused disability is clearly disclosed by all the remainder of its findings and award. Beyond this the record before us presents a simple case of a finding of fact by the Commission on conflicting evidence and no argument can make anything else out of it. Were we at liberty to do so we might possibly reach another conclusion than that arrived at by the Commission but that field is closed to us by the applicable legislation. The finding of the Commission and the judgment of the court have sufficient evidence to support them and must be, and are,

affirmed. *Industrial Commission v. White,* 97 Colo. 322, 49 P. (2d) 434.

MR. JUSTICE HOLLAND and MR. JUSTICE YOUNG concur.