MR. JUSTICE DAY
delivered the opinion of the Court.
In this Workman’s Compensation case, the Colorado Court of Appeals affirmed an order of the Industrial Commission which had set aside a decision by the Director of the Division of Labor to reopen a previous award to claimant Wayne and to reduce the compensation. Colorado Department of Agri *260 culture v. Wayne, 30 Colo. App. 311, 493 P.2d 683. No appeal had been taken from the previous award, and the petition to the Director to reopen the case was on the ground of mistake.
Certiorari to the Court of Appeals was granted on the grounds,, among others, that the decision involved the interpretation of 1969 Perm. Supp., C.R.S. 1963, 81-14-19, relating to reopening of a Commission award; that involved is a question not heretofore determined by any previous decisions; and that the Court of Appeals did not decide the question of interpretation of the statute.
The claim for compensation initially arose when claimant Wayne, employed by the State Department of Agriculture, sustained an injury to his left eye by reason of an industrial accident. The eye was later enucleated. The Agricultural Department, through its insurer the State Compensation Insurance Fund, admitted liability for the injury. A hearing was held to determine the amount of the permanent partial disability resulting from the enucleation. There was evidence at the hearing that the claimant’s vision in the left eye was greatly and seriously impaired as the result of a childhood injury. Following the hearing, the referee entered an order awarding claimant Wayne permanent partial disability at the maximum rate as scheduled disability under C.R.S. 1963, 81-12-4(l)(gg). No appeal was taken from this order. Later when petition for a lump sum payment was granted by the Commission, the State Fund filed its request to the Director of the Division of Labor to reopen the case on the ground that there had been a mistake by the Commission in failing to apply the apportionment statute, C.R.S. 1963, 81-8-2.
The Director reopened the case, and upon review of the previous order found a pre-existing disability of 100 per cent loss of vision in the claimant’s left eye and held that the apportionment statute should be applied, thus reducing the previous compensation award. To the action of the Director, the claimant filed a petition for review before the Commission. The Commission then entered an order reversing the Director, finding that his order was not supported by the *261 record and ordering reinstatement of the original award.
Prior to the 1969 amendment, Section 81-14-19 provided that the Industrial Commission could on its own motion on the ground of error, mistake, or change in condition reopen a compensation case. By the 1969 amendment, which restructured the Division of Labor and created the position of Director of the Division of Labor, the Director was substituted for the Commission as the one to make the initial determination whether a case should be reopened. Added to the section was a provision that any such order made by the Director shall be subject to review by the Commission.
Error in this court is predicated on the ground that the decision of the Court of Appeals overlooked the provisions of Section 81-14-19 as amended. It is. contended that the amended section grants to the Director, and not to the Commission, the discretion to grant or deny a reopening of a compensation claim, and that Commission action is limited to review of the Director’s order. Thus, it is argued by the Fund, that the order of the Director cannot be set aside by the Commission except on a finding of abuse of discretion or by reason of fraud. We are urged also to apply to the Commission’s review procedure the rule that if the record supports the Director’s decision the Commission, as a reviewing body, is bound thereby and cannot substitute its judgment for that of the Director. As previously stated, the Court of Appeals made no determination of this question, and merely held that the Commission had discretion to refuse to reopen the case and that such refusal did not amount to an abuse of discretion, citing Industrial Commission v. Cutshall, 164 Colo. 240, 433 P.2d 765.
We do not agree with the contention of the Fund presented to us on this appeal. Although the amendment to Section 81-14-19 does give to the Director, in the first instance, the discretion to grant or deny a petition to reopen the case, none of the powers previously vested in the Commission were taken away by the amendment. The section referred to grants to the Commission the right to review, and we must of necessity turn to Section 81-14-6 to *262 determine the nature and extent of the Commission’s powers in granting review. In that section we find the Commission
“* * * shall review the entire record transmitted by the director in said case, and, in its discretion, may hold further hearings and receive further evidence, and shall make its findings of fact and enter its award thereon. The award of the commission shall be final unless a petition to review same shall be filed in court by a party in interest.”
By the section, the Commission is not limited merely to review of the Director’s order, but may on the record make findings of its own and enter an award thereon.
The determination by the Court of Appeals that this action of the Commission was within its discretion and that there was no showing of abuse thereof is affirmed.
The cause is remanded to the Court of Appeals for the remand to the Industrial Commission for payment of the lump sum as previously determined.
MR. JUSTICE ERICKSON not participating.