**The TRAVELERS INSURANCE COMPANY, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF the STATE OF COLORADO; Director, Department of Labor and Employment, Division of Labor, State of Colorado, and Claimants in the Matter of the Death of Irva W. Steele, Respondents.**

**No. 81CA0101.**

Colorado Court of Appeals, Div. I.

Oct. 29, 1981.

Rehearing Denied Nov. 27, 1981.

Certiorari Denied Jan. 25, 1982.

Greengard, Blackman & Senter, Lawrence D. Blackman, Tama L. Levine, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Lynn L. Palma, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

William L. Watts, P. C., Durango, for respondents-claimants.

ENOCH, Chief Judge.

Petitioner seeks review of a supplemental order of the Industrial Commission which reopened claimant Joyce Steel's workmen's compensation case. We affirm.

The referee originally entered an order finding claimant to have been partially dependent upon her husband, who was killed in the course of his employment. Claimant received an award of $19.51 per week to be paid for six years, rather than the $61.54 weekly, which she would have received if she had been found wholly dependent. Claimant did not seek review of this order.

Eight and one-half months later, upon learning of this court's decision in *Diamond Industries v. Claimants in re Death of Crouse,* 41 Colo.App. 541, 589 P.2d 1383 (1978), announced after entry of the original order, claimant filed a petition to reopen. The referee granted claimant's petition to reopen, and, in accordance with this court's decision in *Diamond Industries, su-*

*pra,* found her to have been wholly dependent upon her husband. This order was affirmed by the Commission.

Petitioner contends that the Commission abused its discretion in reopening claimant's case merely because the original order was inconsistent with a subsequent judicial pronouncement. We disagree.

■ The director of the division of labor has authority to reopen *any* award if there has been a mistake of fact or of law. Section 8–53–119, C.R.S.1973 (1980 Cum.Supp.); *Compensation Insurance Fund v. Industrial Commission,* 80 Colo. 130, 249 P. 653 (1926). Determination of whether a mistake was made, and if so, whether it was the type of mistake which justifies reopening a case, is to be made by the director of the division of labor or by the Industrial Commission. *Colorado Department of Agriculture v. Wayne,* 179 Colo. 258, 499 P.2d 1188 (1972); *Wallace v. Industrial Commission,* Colo.App., 629 P.2d 1091 (1981). This court will interfere with that determination only if fraud or abuse of discretion is shown. *Industrial Commission v. Cutshall,* 164 Colo. 240, 433 P.2d 765 (1967).

■ The record in this case does not disclose any fraud or abuse of discretion. The referee, persuaded in part by our decision in *Diamond Industries, supra,* determined that his original order was based on an erroneous interpretation of the dependency provisions in § 8–50–101, C.R.S.1973 (1980 Cum. Supp.). He also found that it would be inconsistent with the policies behind the Workmen's Compensation Act to perpetuate the reduction of benefits because claimant was mistakenly classified as partially dependent. The referee's mistake of law provided ample cause for reopening claimant's case. *Employers Mutual Insurance Co. v. Industrial Commission,* 78 Colo. 501, 242 P. 988 (1926).

Petitioner further contends that the need for finality in commission matters will be frustrated if cases are freely reopened on grounds of mistake. We understand petitioner's concerns. Nevertheless, the General Assembly has decided that, in certain circumstances, the goal of compensation outweighs the litigant's interest in finality, and, in these situations, has granted the Commission the discretion to reopen a case.

Order affirmed.

PIERCE and SMITH, JJ., concur.