Helen D. KNIGHT, Claimant In the Matter of the Death of William S. Knight, Petitioner,

v.

DEPARTMENT OF NATURAL RE-SOURCES, DIVISION OF WILDLIFE and State Compensation Insurance Fund, and The Industrial Commission of Colorado, Respondents.

No. 83CA1242.

Colorado Court of Appeals, Div. III.

Sept. 6, 1984.

Philip M. Kleinsmith, Colorado Springs, for petitioner.

No appearance for respondents.

KELLY, Judge.

Petitioner, Helen D. Knight, the widow of decedent William S. Knight, seeks review of the final order of the Industrial

Commission dividing death benefits equally between her and the minor children of the decedent by a former wife. *See* § 8–50–101, C.R.S. (1983 Cum.Supp.). The widow argues that the minor children are not entitled to share in the weekly death benefits under § 8–50–104, C.R.S., because they were only partially dependent on the decedent, while the widow was wholly dependent upon him. We reject this argument and affirm the order of the Industrial Commission.

The applicable portions of § 8–50–101(1), C.R.S., provide that:

"For the purposes of articles 40 to 54 of this title, the following described persons shall be presumed to be wholly dependent (however, such presumption may be rebutted by competent evidence):

"(a) Widow or widower, unless it is shown that she or he was voluntarily separated and living apart from the spouse at the time of the injury or death or was not dependent in whole or in part on the deceased for support;

"(b) Minor children of the deceased under the age of eighteen years ...."

The widow concedes that, under these statutory provisions and the interpretation given to them in *Diamond Industries v. Claimants in re Death of Crouse,* 41 Colo. App. 541, 589 P.2d 1383 (1978), she was properly found by the Industrial Commission to be wholly dependent upon the decedent. She argues, however, that, because the evidence failed to show that his minor children by his former wife were in fact wholly dependent upon him for their support, the Industrial Commission improperly concluded that they were "wholly dependent" within the meaning of the statute. Thus, the argument continues, the minor children were only partially dependent upon the decedent, and were entitled to no benefits by virtue of § 8–50–104, C.R.S., which provides, among other things, that "[w]here there are persons both wholly dependent and partially dependent, only those wholly dependent shall be entitled to compensation."

■ The essential question is whether the wholly dependent status of children who are the minor children of the decedent may be rebutted by evidence that they were only partially dependent upon him. We hold, as we did in *Diamond Industries, supra,* that, under the clear statutory language, minor children are presumed "wholly" dependent, and the presumption may be overcome only by evidence showing that the children received no support from the deceased.

■ Here, the Industrial Commission found that the children had been receiving from the decedent the child support ordered by the divorce decree as well as benefits derived vicariously through payments made to the former wife for division of property. These findings, being supported by competent probative evidence, are conclusive on review. *Black Mountain Spruce, Inc. v. Johnson,* 670 P.2d 1241 (Colo.App.1983), *rev'd on other grounds,* 682 P.2d 1188 (Colo.1984). The evidence that the children's mother earned $19,000 a year does not destroy the presumption that the children were wholly dependent upon the decedent any more than the evidence that his widow earned $30,000 per year destroys the presumption of her dependency. *See Diamond Industries, supra.*

■ The widow also argues that the Industrial Commission erred in reducing the total death benefits by the full amount of Social Security benefits payable to the decedent's minor children. We disagree.

Section 8–50–103, C.R.S. (1983 Cum. Supp.) provides that:

"In cases where it is determined that periodic death benefits granted by the federal old age, survivors, and disability insurance act ... are payable to an individual and his dependents, *the aggregate benefits payable for death* pursuant to this section shall be reduced, but not below zero, by an amount equal to one hundred percent of such periodic benefits." (emphasis added)

However inequitable it may seem to the widow that her death benefits are reduced because the children's benefits under Social Security exceed the amount of their workmen's compensation award, nevertheless, the statutory language is unambiguous and must be followed. *Diamond Industries, supra; Lidke v. Industrial Commission,* 159 Colo. 580, 413 P.2d 200 (1966).

Order affirmed.

TURSI and METZGER, JJ., concur.