Tamara Leigh HOFFMAN, Petitioner,

v.

Stacy HOFFMAN, King Drilling, Inc., Colorado Compensation Insurance Authority, The Industrial Claim Appeals Office of the State of Colorado, and Director, Division of Workers' Compensation, Respondents.

No. 93CA0196.

Colorado Court of Appeals,
Div. II.

Jan. 27, 1994.

As Modified on Denial of Rehearing
March 3, 1994.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Burton, Busch & Garcin, W.M. Busch, Jr., Loveland, for petitioner.

Steven R. Shanahan, Fort Collins, for respondent Stacy Hoffman.

Paul Tochtrop, Denver, for respondents King Drilling, Inc. and Colorado Compensation Ins. Authority.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Mary Karen Maldonado, First Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Workers' Compensation.

Opinion by Judge TURSI.

At issue in this workers' compensation case is whether benefits payable to a dependent surviving spouse are subject to an offset for social security survivor's benefits paid to the decedent worker's child from another marriage. The Industrial Claim Appeals Panel ruled that such benefits are subject to social security offset under § 8–42–114, C.R.S. (1993 Cum.Supp.). We disagree and set aside the order.

The Administrative Law Judge (ALJ) found that Larry E. Hoffman died on September 14, 1991, from injuries he sustained in 1984 while employed by King Drilling, Inc. The decedent was survived by his wife, Tamara Leigh Hoffman and his daughter Stacy Hoffman. Stacy is his daughter by a previous marriage to Joan Hoffman and lives with her mother. The widow receives no government survivor benefits; however, the daughter receives $844 per month in Old Age, Survivors, and Disability Insurance (OASDI) benefits pursuant to 42 U.S.C. § 402(d) (1988).

The parties stipulated that dependents' benefits under the Colorado Workers' Compensation Act should be apportioned 70% to the widow and 30% to the daughter. Based on this stipulation, the ALJ awarded weekly death benefits of $373.33, payable in a ratio of $261.33 to the widow and $112 to the minor child. The ALJ also disallowed any offset for the daughter's OASDI benefits, ruling that the OASDI benefits were not the type of periodic benefits to which the offset under § 8–42–114 applies.

The Panel set aside the ALJ's order, concluding that the OASDI benefits are not exempt from the offset under § 8–42–114. The Panel further ruled that respondents are entitled to offset 100% of the OASDI benefit received by the child against the "aggregate" dependents' benefits paid to both the widow and the child.

As a result of the Panel's order, the widow's benefits were reduced from $261.33 to $124.99 per week. The minor child's benefits were reduced from $112.43 to $53.57 per week; however, this amount together with $844 in OASDI benefits provides the minor daughter with combined workers' compensation and social security benefits of $1,076.13 per month. In contrast, the widow receives only $541.62 in monthly workers' compensation benefits.

## I.

On review, the widow argues that the Panel erred in offsetting the minor child's social security benefits against her share of the workers' compensation dependents benefits. We agree this was error.

The offset statute involving death benefits, § 8–42–114, provides in pertinent part:

In cases where it is determined that periodic death benefits granted by the federal old age, survivors, and disability insurance act or a workers' compensation act of another state or of the federal government are payable to an individual and the individual's dependents, the *aggregate benefits payable for death pursuant to this section shall be reduced....* (emphasis added)

Although the Panel did not explain its decision to offset the widow's benefits, the respondents urge us to affirm the order on the following rationale. They argue that the term "aggregate benefits" applies to all "benefits payable for death" and that, consequently, the social security offset is automatically applicable to the widow's benefit irrespective of whether she receives *any* social security benefits.

Respondents also rely on the legislative history of the predecessor statute to § 8–42–114, *i.e.*, § 8–50–103, C.R.S. (1986 Repl.Vol. 3B). They contend the word "aggregate" was added to the offset statute in 1971 in response to our supreme court's ruling in *Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274 (1967), and they contend that this amendment makes the offset applicable to the widow's dependent benefits here.

We reject these arguments.

■ A statute must be construed in a manner that gives effect to the legislative purpose underlying its enactment and that achieves a just and reasonable result consistent with that purpose. Section 2–4–201(1)(c), C.R.S. (1980 Repl.Vol. 1B); *Eckhardt v. Village Inn*, 826 P.2d 855 (Colo. 1992).

■ When a statute is susceptible of more than one interpretation, the court must look beyond the language of the statute and consider other factors, such as the nature of the problem addressed by the legislation and the consequences of a particular construction. *Mesa County Valley School District No. 51 v. Goletz*, 821 P.2d 785 (Colo.1991); *Rocky Mountain General v. Simon*, 827 P.2d 629 (Colo.App.1992). A statutory construction that would defeat the evident legislative intent will not be followed. *Henderson v. RSI, Inc.*, 824 P.2d 91 (Colo.App.1991).

■ The purpose of the social security offset is to preclude an injured worker or his dependents from receiving duplicate benefits. *L.E.L. Construction v. Goode*, 867 P.2d 875 (Colo.1994).

■ Here, it is undisputed that the widow is not an individual who is receiving any social security benefits; nor does she have dependents who are receiving such benefits. *L.E.L. Construction v. Goode, supra.* Hence, there is no duplication of benefits.

We also reject the respondents' suggestion that the legislative history of § 8–42–114 requires such a questionable result.

Even if we assume that the 1971 amendment was intended to override the holding in *Industrial Commission v. Rowe, supra,* that case dealt with the question of whether the offset was applicable to the aggregate benefits received by a recipient who, unlike the widow here, was receiving *both* social security and workers' compensation benefits.

The 1971 amendment made several changes to the statute. First, it deleted the words "weekly benefits payable" and substituted "aggregate benefits payable." It also deleted entirely the words "for such week" and specifically included all four categories of temporary and permanent disability benefits. Colo.Sess.Laws 1971, ch. 225, § 81–12–1(4) at 908.

The apparent intent of these changes was to make the offset applicable to lump-sum awards as well as periodic benefits and to extend the offset to include all categories of benefits, as well as payments from multiple sources. *See City of Thornton v. Teeter*, 37 Colo.App. 427, 548 P.2d 133 (1976). *See generally* 4 A. Larson, *Workmen's Compensation Law* § 97.34 (1993).

We reject the argument that the 1971 amendment supports application of the offset to the workers' compensation benefits here awarded to the widow. Such a result would be contrary to the rationale underlying the social security offset, as well as to the purposes of the Colorado Workers' Compensation Act generally. Accordingly, we set aside the Panel's order reducing the widow's benefits and direct that the Panel reinstate the ALJ's award on remand.

II.

The widow and minor child argue that the offset, when applicable, should be 50% pursuant to the amended version of the statute in effect at the time of the decedent's 1991 death, rather than the 100% offset required

under the version of the statute in effect at the time of the decedent's work injury in 1984. We agree.

■ Under the "rule of independence," disability benefits awarded an employee and death benefits awarded an employee's dependents are independent of one another. *State Compensation Insurance Fund v. Industrial Commission,* 724 P.2d 679 (Colo.App.1986). This rule of independence provides that there are two distinct rights, one for the benefit of the worker, the other for the benefit of his or her dependents. *See generally* 2 A. Larson, *Workmen's Compensation Law* § 64.10 (1993).

■ Under the rule of independence, benefits are determined based on the state average weekly wage at the time of the employee's death, not at the time of injury. *State Compensation Insurance Fund v. Industrial Commission, supra.* By application of this rule, the death benefits in this case were set at $373.33 per week, and not at the decedent's temporary total disability rate of $315.98.

■ Section 8–42–114 governs the amounts required by law for both death benefits and the offsets against those benefits. Therefore, under the rule of independence, both the benefit amount and the amount of offset should be determined based on the law in effect on the date of the employee's death.

We do not agree that *Estate of Huey v. J.C. Trucking, Inc.,* 837 P.2d 1218 (Colo. 1992) requires a different result. That case addresses the question of when the right to death benefits vests as an enforceable claim; it does not, however, nullify the rule of independence for determining the *amount* of death benefits payable.

Accordingly, the Panel's order applying a 100% offset cannot stand.

### III.

The minor child argues that the Panel erred in determining that her OASDI benefits were the type of "periodic benefits" to which the offset applies under § 8–42–114. However, since the child did not file a notice of cross-appeal, this court has no jurisdiction to consider her argument. *Ruffing v. Lincicome,* 737 P.2d 440 (Colo.App.1987).

The Panel's order is set aside, and the cause is remanded for the entry of an order consistent with the views expressed herein.

NEY and TAUBMAN, JJ., concur.