KOCH INDUSTRIES, INC., and Pacific Employers Insurance Company, Petitioner,

v.

Luis A. PENA (Deceased), Maria De Pena, Adam Pena and David Pena and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 95CA0731.

Colorado Court of Appeals, Div. V.

Dec. 7, 1995.

Glasman, Jaynes, McBride & Musgrave, Thomas O. McBride, Art M. Lee, Denver, for Petitioners.

Robert P. Koehler, Denver, for Respondent Maria De Pena.

No Appearance for Respondent Adam Pena.

No Appearance for Respondent David Pena.

No Appearance for Respondent The Industrial Claim Appeals Office of the State.

Opinion by Judge DAVIDSON.

In this workers' compensation proceeding, petitioners, Koch Industries, Inc., and Pacific Employers Insurance Company, seek review of a final order of the Industrial Claim Appeals Panel (Panel) which determined that the death benefits payable to Maria De Pena, wife of the deceased worker, Luis A. Pena, were not subject to an offset for social security payments received by decedent's sons from a prior marriage. We affirm.

In December 1990, a final order determined that decedent had sustained an injury during the course and scope of his employment. The death benefit of $371.21 per week was apportioned 40% to decedent's widow, and 30% each to his two sons from a prior marriage. However, each of decedent's sons also received $811 per month in federal social security benefits. Therefore, pursuant to *Knight v. Department of Natural Resources,* 689 P.2d 733 (Colo.App.1984), petitioners were granted an offset for the aggregate amount of $1,622 against the workers' compensation benefits until the social security benefits ceased to be paid to either child. Thus, no workers' compensation benefits were actually received by the widow or the sons.

In February 1994, decedent's widow filed a petition to reopen based upon an alleged mistake of law. She asserted that under *Hoffman v. Hoffman,* 872 P.2d 1367 (Colo. App.1994), the offset previously allowed for the social security benefits paid to decedent's sons from a prior marriage was in error.

Although the Administrative Law Judge (ALJ) determined that a mistake of law had been made in the December 1990 order, the ALJ concluded that a reopening was not appropriate because the widow had not appealed the prior order. Nevertheless, the ALJ granted the widow relief from the date of his decision on the belief that such a

change could be made without a reopening. Hence, under this new order, there was no longer to be an offset for the benefits paid to decedent's other dependents, and thus, the widow began to receive $148.48 per week in workers' compensation death benefits beginning October 24, 1994.

In affirming this latter order, the Panel determined that the ALJ should have reopened the case and granted the widow both retroactive and prospective relief because *Hoffman* constituted a new rule of law. However, because the widow had not petitioned for review of the ALJ's order, the Panel affirmed that order, which granted only prospective relief. In doing so, the Panel concluded that, under C.A.R. 35(f), it was required to follow the current statement of the law as set forth in *Hoffman.*

## I.

■ Petitioners first contend that the *Knight* decision correctly interpreted the language of the statute now codified at § 8–42–114, C.R.S. (1995 Cum.Supp.) and, consequently, that the *Hoffman* decision was incorrect. We are not persuaded.

Section 8–42–114 provides that:

In cases where it is determined that periodic death benefits granted by the federal old age, survivors, and disability insurance act or . . . a workers' compensation act of the federal government are payable to an individual and the individual's dependents, *the aggregate benefits payable for death pursuant to this section shall be reduced, but not below zero, by an amount equal to fifty percent of such periodic benefits.* (Emphasis added)

In *Knight v. Department of Natural Resources, supra,* and *Hoffman v. Hoffman, supra,* different divisions of this court addressed application of the statute now found at § 8–42–114 to the circumstance when workers' compensation death benefits were payable in part to a surviving spouse and in part to the minor children of the decedent from a prior marriage.

Although in both instances the children resided with their biological mother, the *Knight* case determined that the widow's death benefits were required to be reduced because the children's social security benefits exceeded the total amount of workers' compensation benefits that were payable to all dependents. In direct contrast, approximately ten years later, the *Hoffman* court concluded, without citing *Knight,* that because the widow was not an individual who was receiving any social security benefits and she did not have dependents who were receiving such benefits, there was no duplication of benefits. Hence, the division in *Hoffman* concluded that no purpose would be served by offsetting the widow's benefits by the social security benefits received by decedent's children from a prior marriage.

We find this latter analysis to be highly persuasive and conclude that it achieves a better reasoned result. And, although the *Hoffman* court did not expressly decline to follow the decision in *Knight,* we do so here.

## II.

Petitioners also contend that the 1994 order is not supported by statute or rule because a reopening is required before future benefits may be changed. Thus, they reason that once the reopening was denied, the ALJ could not order that the widow's benefits would no longer be offset against the other dependents' social security benefits. We disagree.

■ Any award may be reopened if there has been a mistake of law or fact. A mistake of law may be established when an original order is inconsistent with a subsequent judicial interpretation of a statutory provision. *Travelers Insurance Co. v. Industrial Commission,* 646 P.2d 399 (Colo.App.1981). The rationale behind this rule is that the goal of achieving a fair and just result overrides the interest of litigants in achieving a final resolution of their dispute. *Padilla v. Industrial Commission,* 696 P.2d 273 (Colo.1985).

■ Here, the 1990 order was based upon a mistaken assumption that the widow's benefits should be offset by the total amount of dependent benefits, despite the fact that the children resided with decedent's ex-wife in another family unit. We agree with the Pan-

el that this mistake constituted a sufficient basis for reopening the case. *See Exeter Drilling v. Industrial Claim Appeals Office,* 801 P.2d 20 (Colo.App.1990). It would be inconsistent with the policies behind the Workers' Compensation Act to perpetuate the reduction of benefits based upon a prior decision that this court has chosen not to follow. *See Travelers Insurance Co. v. Industrial Commission, supra.*

■ However, petitioners are correct that once an award becomes final by exhaustion of or failure to exhaust review procedures, no further benefits may be awarded unless there is an appropriate order to reopen the proceedings. *Burke v. Industrial Claim Appeals Office,* 905 P.2d 1 (Colo.App. 1994); *Brown & Root, Inc. v. Industrial Claim Appeals Office,* 833 P.2d 780 (Colo. App.1991). Thus, the ALJ was required to reopen the case before it could increase the benefits that had previously been awarded.

■ However, because the ALJ correctly modified the widow's benefits from the date of its order, even though reopening was a necessary prerequisite to that modification, the Panel could affirm because the ALJ reached the correct result, albeit for an incorrect reason. *See Skinner v. Industrial Commission,* 152 Colo. 97, 381 P.2d 253 (1963).

### III.

Finally, petitioners assert that the Panel erred in retroactively applying *Hoffman* to this claim. We need not address this issue.

Although the Panel discussed the retroactive issue at length, that analysis was dicta because the widow here did not file a petition to review. Hence, the new rule in *Hoffman* was applied only prospectively in this case.

Order affirmed.

CASEBOLT and ROY, JJ., concur.