No. 14,913.

GOLD MINES CONSOLIDATED, INC., ET AL. *v.* SIMMONS.
(112 P. [2d] 555)

Decided March 31, 1941.

360

Mr. BYRON G. ROGERS, Attorney General, Mr. DEAN JOHNSON, Assistant, Mr. GAIL L. IRELAND, Attorney General, Mr. MORRY M. STERLING, Assistant, Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, for plaintiffs in error.

Mr. JOHN FERGUSON BENNETT, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

A PROCEEDING before the Industrial Commission on a death claim under the Workmen's Compensation Act, and involving the consideration of a portion of section 331, chapter 97, '35 C.S.A., reading as follows:

"For the purposes of this article the following described persons shall be conclusively presumed to be wholly dependent:

"(a) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support."

Claimant, surviving wife, was denied a favorable award. In an appropriate action in the district court, that tribunal ordered and adjudged that the order of the commission denying the claim be vacated and set aside and that the cause be remanded with directions

to enter an award in favor of claimant. The action of the court was based primarily upon the ground, "That there is no evidence disclosed in the record to support the finding of the commission that plaintiff herein was voluntarily separated and living apart from her husband at the time of his injury and death."

From the facts recorded it appears that claimant and deceased were married March 10, 1930, and lived together in the marriage relationship until July, 1938, when claimant left deceased because of his habit of frequent intoxication covering a period of more than three years prior thereto; threats against her, and cruel and abusive treatment affecting her mentally as well as physically. After the separation the parties did not live together again, although deceased made frequent efforts to bring about a reconciliation, which resulted in further quarrels because of claimant's refusal to resume the marital status. October 24, 1939, claimant instituted an action for divorce on the grounds of cruelty, nonsupport, and conviction of the husband of a felony. Although the bringing of this action was contrary to the desires of deceased, he did not contest the case, and January 10, 1940, an interlocutory decree of divorce was granted claimant on the grounds mentioned. No alimony or support money was asked for or ordered. February 26, 1940, deceased met with an accident which resulted in his instant death.

■ Whether a wife is voluntarily separated and living apart from her husband is a question of fact. *Vaughn v. Industrial Commission,* 79 Colo. 257, 259, 245 Pac. 712; *Clarke v. Clarke,* 95 Colo. 409, 410, 36 P. (2d) 461.

■■ In our opinion, there was evidence to support the finding of the commission that claimant "was voluntarily separated and living apart from her husband at the time of his injury and death * * * and is therefore not entitled to benefits under the Workmen's Compensation Act." If there was evidence to support the finding of the commission—and we hold that there was—it

is conclusive on review. *Vaughn v. Industrial Commission, supra.* From our consideration of the record, we are of the opinion that the commission could have found either way on this issue.

Claimant, to sustain the judgment of the district court, relies primarily on the case of *Latting v. Broadmoor Hotel,* 105 Colo. 386, 98 P. (2d) 857. In that case, we said that "there was no showing that either party wished to sever the marriage relation." Moreover, the facts there were materially different from those in the instant case, in that there was no divorce, no legal separation, no estrangement. This difference of fact may not be controlling on such an issue, but it does have a bearing in construing the evidence on which the commission must base its findings. In view of our conclusions, we deem it unnecessary to consider the question of dependency.

The judgment is reversed and the case remanded with directions to affirm the award of the commission.

MR. CHIEF JUSTICE FRANCIS E. BOUCK and MR. JUSTICE BAKKE concur.

MR. JUSTICE HILLIARD not participating.