524 P.2d 314 (1974)
Irene S. TILLEY, Claimant in the Matter of the Death of Lestor C. Tilley, Petitioner,
v.
BILL'S SINCLAIR (Employer), Truck Insurance Exchange (Insurer) and the Industrial Commission of Colorado, Respondents.
No. 73-406.
Colorado Court of Appeals, Div. II.
June 4, 1974.
Rehearing Denied June 25, 1974.
Certiorari Denied July 29, 1974.
Brown & Brown, Michael Schottelkotte, Delta, for petitioner.
Dosh, DeMoulin, Anderson & Campbell, William P. DeMoulin, Denver, for respondents *315 Bill's Sinclair and Truck Ins. Exchange.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Selected for Official Publication.
ENOCH, Judge.
Irene S. Tilley, claimant, petitions for review of an order of the Industrial Commission denying her claim for death benefits. We set aside the order.
Lestor C. Tilley, claimant's husband, was fatally injured in a work-related accident in September 1972. Mrs. Tilley filed a claim for death benefits. Respondents contested the claim on the ground that at the time of the accident, claimant was voluntarily separated from her husband and was not dependent on him for support. After a hearing limited to the issue of dependency, at which Mrs. Tilley was the only witness, the referee found that claimant was not eligible to receive benefits and denied her claim.
The record shows that claimant and decedent were married in 1956. They jointly operated a janitorial service in Milwaukee, Wisconsin, until 1969, when decedent's inattention to the business due to excessive consumption of alcohol required them to sell the business. Shortly thereafter the couple moved to Evergreen, Colorado. Decedent continued to drink excessively and was unable to hold a steady job. Mrs. Tilley, who was then 62, elected to begin receiving social security benefits, but much of this income was squandered on alcohol by decedent. Due to his illness, decedent's habits of personal hygiene deteriorated to the point that he slept on the floor and wore the same clothes for several days at a time. During this time Mrs. Tilley urged her husband to get help and volunteered to attend Alcoholics Anonymous meetings with him, but her efforts were unsuccessful. Claimant testified that in February or March of 1970, she decided that the situation was "impossible" and left her husband, telling him that until he quit drinking and got help for his problem, she "would stay away from him." Mrs. Tilley never filed an action for divorce or legal separation. Her husband did not visit her after she left, nor did he make any contribution to her support. Claimant has no independent means of support other than a $114 monthly social security payment.
C.R.S. 1963, 81-11-1, provides:
"(1) For the purposes of this chapter the following described persons shall be conclusively presumed to be wholly dependent:
(2) Wife, unless it be shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him for support. . . ."
This statutory presumption of dependency can be rebutted only by a showing that all three elementsvoluntary separation, living apart, not dependent for supportexist in a particular case. Latting v. Broadmoor Hotel, Inc., 105 Colo. 386, 98 P.2d 857; Empire Zinc Co. v. Industrial Commission, 71 Colo. 251, 206 P. 158. But see Gold Mines Consolidated, Inc. v. Simmons, 107 Colo. 359, 112 P.2d 555. It is clear in this case that claimant and decedent were living apart, but claimant challenges the Commission's rulings with regard to voluntary separation and support. We agree with claimant's contention that she was dependent on her husband for support.
The respondents argue that where there is no evidence of actual support, the Commission must find that a wife is not dependent. The Supreme Court has held that under C.R.S. 1963, 81-11-2, which deals with dependents other than wives and minor children, "the question of dependency is to be determined as a matter of fact and *316 cannot be based upon an existing legal duty to provide support." Colorado Fuel & Iron Co. v. Industrial Commission, 90 Colo. 330, 9 P.2d 285. However, in construing the section of the statute which governs this case, the court has favored a different test. In Latting v. Broadmoor Hotel, Inc., supra, the court stated that "[d]ependency rests upon an obligation of support, and not upon the question as to whether that obligation is being discharged." (Quoting Industrial Commission v. Dell, 104 Ohio St. 389, 135 N.E. 669.) In Empire Zinc Co. v. Industrial Commission, supra, the court affirmed the ruling of the referee and upheld an award to a wife who had received no contributions from her husband for seven years preceding his accident. The referee in that case found:
"[W]here the evidence of the marriage relation is proven, and it is established that such relationship continued until the date of decedent's death, that the marriage under our law is sufficient to entitle the wife to claim total dependency regardless of the actual dependency that may exist."
Respondents correctly point out that the primary factual issue discussed in both Latting and Empire Zinc was whether or not the separation was voluntary. However, the holdings in both cases are difficult to pinpoint and we cannot dismiss the statements quoted above as mere dicta. We therefore hold that, if, as claimant did here, a wife demonstrates a need for support, then, under C.R.S.1963, 81-11-1(2), the decedent's legal obligation to support his wife, whether or not that duty is being discharged, is sufficient to establish dependency.
The order of the Industrial Commission is set aside and the cause remanded with directions to enter an appropriate order awarding benefits to claimant.
SILVERSTEIN, C.J., and COYTE, J., concur.