589 P.2d 1383 (1978)
DIAMOND INDUSTRIES, DIVISION OF MEDFORD CORPORATION, and Industrial Indemnity Company, Petitioners,
v.
CLAIMANTS in the Matter of the Death of Jack Leon Crouse and the Industrial Commission of Colorado, Respondents.
No. 78-603.
Colorado Court of Appeals, Div. 3.
November 30, 1978.
Rehearing Denied December 21, 1978.
Certiorari Denied February 5, 1979.
Watson, Nathan & Bremer, P. C., Peter Watson, Denver, for petitioners.
William A. Powers, Denver, for respondents Crouse.
J. D. MacFarlane, Atty. Gen., Louis L. Kelley, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
RULAND, Judge.
Petitioners, Diamond Industries and Industrial Indemnity Company, seek this review of the order of the Industrial Commission awarding benefits to respondent, Fern Crouse, as a wholly dependent widow of Jack Leon Crouse, who was killed during the course of his employment on July 18, *1384 1976. The only issue presented to the Commission and raised on this appeal is whether, at the time of Crouse's death, his widow was wholly or only partially dependent on him for support by the terms of § 8-50-101, C.R.S.1973 (1976 Cum.Supp.). We affirm the Commission's order.
The essential facts are undisputed. At the time of Crouse's death, his average gross weekly wage was $143.19 ($620.49 per month). In addition, he was receiving a military retirement pension of $5,000 gross per year ($96.15 weekly or $416.67 monthly), which terminated on his death. His wife was employed at a gross annual salary of $10,097.60 ($194.18 weekly or $841.47 monthly). Their son, born October 22, 1955, was a student at the U.S. Naval Academy and was self-supporting. Their daughter, born September 30, 1957, was a full-time college student and was not employed. All of the money Mr. and Mrs. Crouse received went for the support of the family and the daughter's college education. Commencing with the death, the daughter has been receiving $230 monthly from social security.
Insofar as pertinent here, § 8-50-101, C.R.S.1973 (1976 Cum.Supp.) provides:
"Persons presumed wholly dependent. (1) For the purposes of articles 40 to 54 of this title, the following described persons shall be presumed to be wholly dependent (however, such presumption may be rebutted by competent evidence):
"(a) Widow or widower, unless it is shown that she or he was voluntarily separated and living apart from the spouse at the time of the injury or death or was not dependent in whole or in part on the deceased for support; . . .
"(c) Minor children of the deceased over the age of eighteen years and under the age of twenty-one years if it is shown that at the time of the decedent's death they were actually dependent upon the deceased for support and engaged in courses of study as full-time students at any accredited school." (emphasis supplied)
Holding that "[n]o competent evidence was presented to properly rebut the presumption that claimant [the widow] was wholly dependent on the deceased," the Commission concluded that the statute required an award to her as a "wholly dependent" spouse.
Petitioners contend that this interpretation of the statute is incorrect and that the widow's award should be limited to 43% of the amount awarded by the Commission because decedent contributed only 43% of the total income earned by the decedent and his widow. Their argument is predicated upon a comparison of the statute before it was amended in 1975 to the statute now in effect.
Prior to 1975 the statute provided:
"Persons presumed wholly dependent. (1) For the purposes of articles 40 to 54 of this title, the following described persons shall be conclusively presumed to be wholly dependent:
"(a) Wife, unless it is shown that she was voluntarily separated and living apart from the husband at the time of his injury or death and was not dependent in whole or in part on him [husband] for support; . . ." (emphasis supplied)
The 1975 amendment deleted the "conclusive" presumption and the word "or" was substituted for "and" between the clauses dealing with separation of the parties and dependency. Based upon these changes, petitioners construe the statute to require that where, as here, both the widow and a child are only partially dependent upon a deceased for support, they should both be treated as partial dependents. Pursuant to the Commission's interpretation, petitioners point out that a widow, even though she is partially self-supporting, is entitled to the full award authorized by statute because she qualifies as wholly dependent. See § 8-50-104, C.R.S.1973. Petitioners suggest inequity could result because the widow is paid the full award to the exclusion of any partially dependent children who do not reside with the widow. Nevertheless, we must reject petitioners' argument.
Where the language of the statute is plain, its meaning clear, and no absurdity *1385 is involved, the statute must be interpreted as written. Lidke v. Industrial Commission, 159 Colo. 580, 413 P.2d 200 (1966). Viewed in this context, the statute provides that a widow is "wholly" dependent under the statute regardless of whether she receives all or only part of her support from the deceased. Hence, the presumption afforded by the statute is overcome only by a finding that the widow receives no support from the deceased. The interpretation urged by petitioners would, in effect, delete the words "in part" from the statute.
Order affirmed.
PIERCE, J., concurs.
VanCISE, J., dissents.
VanCISE, Judge, dissenting:
The statute as amended in 1975 and applicable here, § 8-50-101, C.R.S. 1973 (1976 Cum.Supp.), provides that "the following described persons shall be presumed to be wholly dependent," and lists, insofar as pertinent here, the widow and the college student 18 year old daughter, both of whom were partially dependent upon Crouse at the time of his death. So the two have the benefit of the presumption.
However, the statute also provides that this "presumption may be rebutted by competent evidence." The undisputed evidence rebutted the presumption, and established that the widow and the daughter were not "wholly dependent" and were only "dependent in part" on Crouse for their support.
The award to the widow based on her having been wholly dependent should be set aside, and the cause should be remanded to the Commission for further proceedings based on the two having been partially dependent.