589 P.2d 1388 (1979)
Robert J. O'MALLEY, Individually, and on behalf of himself and all other stockholders of Leigh Barron, Inc., a Colorado Corporation, Plaintiff-Appellee,
v.
Jack E. CASEY, Individually, and as an officer and director of Leigh Barron, Inc., d/b/a Leigh Barron Four Mile House, a Colorado Corporation, Defendant-Appellant,
Leigh Barron, Inc., d/b/a Leigh Barron Four Mile House, a Colorado Corporation, and Rayma Sue Cummins, Individually, and as an officer and director of said corporation, Defendants.
No. 78-194.
Colorado Court of Appeals, Div. I.
January 11, 1979.
Thomas & Esperti, P.C., James R. Martin, Denver, for plaintiff-appellee.
David Burnell Smith, Littleton, for defendant-appellant.
No appearance for defendants.
RULAND, Judge.
This is a stockholder's derivative action initiated pursuant to C.R.C.P. 23.1 by plaintiff, Robert J. O'Malley. Defendant Jack E. Casey appeals from a judgment awarded to defendant Leigh Barron, Inc., to compensate the corporation for salary paid to Casey. We remand the cause for additional proceedings.
The pertinent facts are not in dispute. Casey owned 65% of the outstanding shares of the corporation and plaintiff Robert J. *1389 O'Malley owned 35%. A Board of Directors consisting of three members was elected pursuant to the articles of incorporation. At all times relevant here the board members consisted of Casey, O'Malley, and Rayma Sue Cummins. The disputed salary was approved for Casey as General Manager of the corporation by a two to one vote. O'Malley voted against the proposed salary.
Casey first contends that the award to the corporation was improper because the corporation asserted no cross-claim against him. This contention lacks merit.
The purpose of a derivative action is to recover sums owed the corporation and such was the relief requested in O'Malley's complaint. See C.R.C.P. 23.1; Bell v. Arnold, 175 Colo. 277, 487 P.2d 545 (1971). Hence, entry of a judgment in favor of a corporation is proper.
Casey next contends that the trial court erred in setting aside the salary. The court reasoned that the Board's approval of the salary must be set aside because Casey voted in favor thereof and because his vote was necessary to obtain a majority.
We recognize that, absent provisions in the articles of incorporation to the contrary, a Board member may not vote to approve a salary for his services as an employee of the corporation. Steele v. Gold Fissure Gold Mining Co., 42 Colo. 529, 95 P. 349 (1908); see also Colorado Management Corp. v. American Founders Life Insurance Co., 145 Colo. 413, 359 P.2d 665 (1961).[1] However, it has long been recognized that: "In a closely held corporation where the directors are officers and majority stockholders, self dealing on salary questions may be inevitable as a practical matter. . .." 5 O. Smith, Fletcher Cyclopedia of the Law of Private Corporations § 2129 (1976 rev. vol.); see also H. Friedman & H. Schlagman, Corporate Management Guide § 12.09 (1967). As a consequence, some courts have reasoned that the salary approved by the directors in such circumstances is not void, but is voidable only if the salary is unreasonable. See e. g., Herald Co. v. Seawell, 472 F.2d 1081 (10th Cir. 1972); Murphy v. Washington American League Base Ball Club, Inc., 116 U.S.App. D.C. 362, 324 F.2d 394 (1963).
We find that view especially persuasive where, as here, the articles of incorporation specifically sanction a salary agreement between a director and the corporation. See Adams v. Mid-West Chevrolet Corp., 198 Okl. 461, 179 P.2d 147 (1946); Coleman v. Plantation Golf Club, Inc., 212 So.2d 806 (Fla.Dist.Ct.App.1968). The articles of incorporation provide:
"No contract or other transaction of the corporation . . . in which this corporation is interested, shall be affected or invalidated by the fact . . . that any director or officer of this corporation, individually or jointly with others, may be a party to or may be interested in any such contract or transaction."
Thus, we conclude that the salary approved for Casey by the Board is invalid if the salary is determined to be unreasonable, and this issue was not addressed by the trial court.
Casey also contends that the trial court erred in considering the amount of certain loans made to the corporation by Casey in calculating the amount of salary refund due. He asserts that this issue was not framed by the pleadings or tried by implied consent. However, because the loan issue is inextricably intertwined with the salary issue, both parties should be permitted to amend their pleadings and address the loan issue by evidence and argument on remand.
The judgment ordering Casey to refund salary to the corporation is reversed and the cause is remanded with directions for a new trial consistent with the views expressed in *1390 this opinion as well as the issues pertinent to loans made by Casey to the corporation.
PIERCE and KELLY, JJ., concur.
NOTES
[1] The Colorado Corporation Code was amended in 1977, Colo. Session Laws 1977, ch. 68, § 7-5-114.5 at 378, to provide that contracts between a director and the corporation in which the director is financially interested are not void if certain requirements are satisfied. See also Maer & Giacomini, The 1977 Revisions to the Colorado Corporation Code, 7 Colo.Lawyer 911 (June 1978).