**Gene James RITTER, Petitioner,**

v.

**INDUSTRIAL COMMISSION of the State of Colorado, State Compensation Insurance Fund, and S. S. Kresge Company, Respondents.**

**No. 79CA0626.**

Colorado Court of Appeals,
Div. II.

Jan. 24, 1980.

Rehearing Denied March 6, 1980.

Paul J. McSwigan, Denver, for petitioner.

James A. May, Francis L. Bury, R. S. Ferguson, Denver, for respondents State Compensation Insurance Fund and S. S. Kresge Company.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Ann Sayvetz, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

RULAND, Judge.

In this workmen's compensation case, the claimant, Gene James Ritter seeks review of an order of the Industrial Commission denying him the full amount of his request for a lump sum payment. The applicable statute is C.R.S.1963, § 81–13–3(2) (1969 Perm.Supp.) (subsequently amended, *see* § 8–52–103(2), C.R.S.1973 (1978 Cum. Supp.)). *See Eight Thousand West Corp. v. Stewart*, 37 Colo.App. 372, 546 P.2d 1281 (1976). The only issue presented is whether the Commission's interpretation of the statute was correct. We affirm.

The essential facts are not disputed. Claimant sustained an accidental injury on April 23, 1971, and received temporary disability benefits until March of 1976, when he was awarded a permanent partial disability of six percent as a working unit. At that time the balance of his compensation was reduced to a lump sum in the amount of $4,002.68. In June of 1976 the insurer admitted liability for maximum permanent partial disability, and the Commission approved claimant's request for payment of lump sum compensation in the amount of $8,944.87, which represented the outstanding balance owing to the claimant. Subsequently, an admission for permanent total disability was filed, and claimant applied for a lump sum settlement of $18,623.50 as the "statutory amount" owing to him as a lump sum on the award of permanent total disability. The Commission granted this request up to the amount of $5,675.95, with appropriate reduced monthly payments, thus bringing the total of claimant's three lump sum payments to $18,623.50.

C.R.S.1963, § 81–13–3(1) (now § 8–52–103(1), C.R.S.1973), confers discretionary power on the Commission to order payment "of all or any part of the compensation awarded in a lump sum." Subsection (2), as amended in 1969, specifies the maximum lump sum which may be awarded:

> "*The aggregate of all lump sums* granted to a claimant who has been found and declared by the director to be permanently and totally disabled, shall not exceed eighteen thousand six hundred twenty-three dollars and fifty cents." (emphasis supplied)

■ Claimant contends here, as he did before the Commission, that the statute unambiguously provides for a maximum lump sum payment for permanent total disability benefits only and that his prior lump sum payments for permanent partial disability benefits should not have been deducted in calculating the statutory maximum. We find no merit in this contention.

■ Where the meaning of a statutory provision is clear and no absurdity is involved, the language is not subject to construction. *American Metal Climax, Inc. v. Claimant in re Death of Butler*, 188 Colo. 116, 532 P.2d 951 (1975); *Diamond Industries v. Claimants in re Death of Crouse*, 41 Colo.App. 541, 589 P.2d 1383 (1978). The emphasized portion of the statute requires that the aggregate of *all* lump sum payments be considered in determining the limitation. In addition, the provisions for lump sum compensation are included in the "general provisions" portion of the statute and not in the article on "accident benefits." Hence, the Commission's interpretation of the statute was correct.

Order affirmed.

ENOCH, C. J., and STERNBERG, J., concur.