William H. ALBAITIS, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado (Ex-Officio Unemployment Compensation Commission of Colorado), Colorado Division of Employment, Respondents.

No. 79CA0557.

Colorado Court of Appeals, Division III.

Feb. 7, 1980.

Rehearing Denied Feb. 28, 1980.

Certiorari Granted April 21, 1980.

sion of Employment and Training (Division) found that petitioner was discharged "for loafing on the job and conducting personal business during working hours" and therefore disqualified him from receiving benefits for a period of 13 weeks, citing § 8–73–108(5), C.R.S. 1973 (1978 Cum. Supp.).

This decision was affirmed by a referee and by the Commission, both of which cited § 8–73–108(5), C.R.S. 1973 (1978 Cum.Supp.) as justification for the reduction in petitioner's benefits. On appeal, petitioner contends that respondents erred in their interpretation of the statute, that, instead, the statute allows his benefits to be reduced only if it is found that he was terminated for one of the specified "reasons" set forth in one or more of the subsections of § 8–73–108(5). The reasons for discharge found by the Division were not included in the specified "reasons." We do not agree.

As analyzed by the Commission in its findings of fact and order, in the 1976, and before the 1977, amendments to § 8–73–108, C.R.S. 1973, was a subsection (6), *see* Colo. Sess.Laws 1976, pp. 347–348, which allowed a determination of benefits based on attributing fault to one party or the other when the reason for separation was not one of those specifically set forth in (4) or (5). With the 1977 repeal of that subsection (6), the Commission must look to the overall legislative intent as spelled out in the Colorado Employment Security Act. This intent is stated in § 8–73–108(1), C.R.S. 1973 (1978 Cum.Supp.), as follows:

William E. Benjamin, Commerce City, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., David Aschkinasi, Asst. Atty. Gen., Denver, for respondents.

VAN CISE, Judge.

Petitioner seeks review of an order of the respondent Industrial Commission reducing his unemployment benefits. We affirm.

Shortly after the termination of his employment, petitioner applied for unemployment benefits. Respondent Colorado Divi-

"In the granting of benefit awards, it is the intent of the general assembly that . . . unemployment insurance is for the benefit of persons unemployed through no fault of their own; . . . that the circumstances of his separation shall be considered in determining the amount of benefits he may draw; and that certain acts of individuals are the direct and proximate cause of their unemployment and such acts may result in such individuals receiving a reduced award."

In subsection (4) and (5) of § 8–73–108, C.R.S. 1973 (1978 Cum.Supp.), those situa-

tions in which a grant of a full award or a reduced award of benefits are authorized are elaborated. Each subsection contains additional subsections explaining the conditions affecting the award of benefits. In each primary subsection, a preamble allows consideration of other factors relevant to an award of benefits. Subsection (4) lists 14 situations in which full awards may be granted. Preceding the listing of these conditions is the following sentence:

> "The following reasons shall be considered, *along with any other factors which may be pertinent to such determination.*" (emphasis supplied)

And (5), preceding a list of 23 situations in which a reduced award may be granted, provides:

> "The determination of whether or not a separation from employment shall result in a reduced award . . . shall be the responsibility of the division. The following reasons, *along with other pertinent factors,* shall be considered in determining the direct and proximate cause of the separation." (emphasis supplied)

Thus, in order to carry out the legislative intent specified in § 8–73–108(1), C.R.S. 1973 (1978 Cum.Supp.), the statute allows the Division and the Commission to exercise discretion, based on a consideration of all of the pertinent factors of the particular case. Limiting the full award and reduced award sections to the enumerated "reasons," without including the general language "other pertinent factors" would contravene the legislative intent by, in effect, denying any benefits to individuals whose situations do not fit precisely into the job conditions listed.

■ Therefore, we hold that in determining the direct and proximate cause of a claimant's separation and whether that claimant is entitled either to a full or a reduced award of benefits, the Division and the Commission shall consider the "reasons" specifically enumerated in the statute and "any other factors which may be pertinent to such determination." Absent an abuse of discretion, that determination shall be upheld on appeal. We find no abuse here,

and therefore affirm the Commission's order.

BERMAN, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissents:

I disagree with the majority's interpretation of § 8–73–108(5), C.R.S. 1973 (1978 Cum.Supp.).

That statute states in pertinent part: "*An individual separated from a job for the reasons enumerated in this subsection (5) shall have his benefits reduced . . ..* The determination of whether or not a separation from employment shall result in a reduced award . . . shall be the responsibility of the division. The following reasons, along with other pertinent factors, shall be considered in determining the direct and proximate cause of the separation . . .." (emphasis added)

The statute then goes on to list 23 reasons for separation.

Petitioner contends that this statute allows his benefits to be reduced only if it is found that he was terminated for one of the specified reasons. The respondents contend, on the other hand, and the majority agrees, that the reference in subsection (5) to "other pertinent factors" and the preamble to the Colorado Employment Security Act, § 8–73–108(1), C.R.S. 1973, when considered together evidence a legislative intent to confer discretion on the Division to reduce benefits without citing a particular reason listed in subsection (5) so long as the general intent of the Act is followed.

In reaching a contrary conclusion, I note that prior to October 1, 1977, § 8–73–108(7), C.R.S. 1973, gave the Division discretion to award full or reduced benefits under circumstances not specifically covered elsewhere in the Act. However, with the repeal of this subsection and the revision of § 8–73–108(5), C.R.S. 1973 (1978 Cum. Supp.), to specify that "[a]n individual separated from a job for the reasons enumerated in this subsection (5) shall have his benefits reduced . . .," I would construe

the statute now to mean that a reduction of benefits may be effected only for a reason specifically set forth in subsection (5). I do not interpret the word "factors" to mean "reasons" in the context of this statute. Where, as here, the language of the statute is free from ambiguity, effect must be given to the statute as written. *Diamond Industries v. Claimants in re Death of Crouse*, 41 Colo.App. 541, 589 P.2d 1383 (1978).

I would rule that the Commission's order should be set aside and the cause remanded for additional findings as to whether petitioner was terminated for one of the reasons set forth in § 8–73–108(5), C.R.S. 1973 (1978 Cum.Supp.).