Frances L. ROMERO, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado (Ex–officio Unemployment Compensation Commission of Colorado) and The Colorado Division of Employment, Respondents.

No. 79CA1162.

Colorado Court of Appeals, Div. II.

Aug. 14, 1980.

Marilyn T. Meadoff, Denver, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Laura J. Reilly, Robert Hyatt, Asst. Attys. Gen., Denver, for respondents.

ENOCH, Chief Judge.

This is a review of an order of the Industrial Commission denying unemployment compensation benefits to claimant because she had unduly restricted her wage requirements in seeking reemployment as a statistical clerk. We set aside the order.

Claimant had been employed at a monthly salary of $780 as a statistical clerk for a company which relocated outside Colorado. She had been receiving unemployment benefits for 13 weeks when she was required to appear for a "Subsequent Eligibility Interview." A referee conducted a hearing on the issue of whether claimant was unduly restrictive in her wage demands. The claimant indicated that she desired wages no lower than $700 per month, and submitted evidence of wage surveys indicating that her wage request was consistent with or below the prevailing wage for similar work. The referee concluded that she was not unduly restrictive in her wage demands and that benefits should be allowed.

On petition of the Division, the Commission reversed, and in its final order, stated:

"[T]he provisions of C.R.S.1973, 8–73–107, [require that] each individual applying for benefits must be able and available and actively seeking suitable work. By setting a minimum standard of $700.00 the claimant is limiting the class of position which she will accept. The Commission holds that this is an unreasonable restriction given the length of her employment, experience, and the type of position sought. Whether the wage demands of the claimant were those prevailing is relevant to a determination of the receipt of benefits, but in the present circumstances, that consideration is not the sole controlling determination."

Claimant contends that there was only hearsay evidence to support the Commission's decision that her wage demands were too restrictive. The only evidence submitted by the Division pertaining to a prevailing wage was in the form of an affidavit of a technician who had checked the available jobs listed on microfiche at the job service center. The affidavit stated that the listed jobs indicated a high salary for claimant's type of work would be $3.80 per hour, or approximately $650 per month. The referee considered this evidence to be unreliable, and we agree.

■ Hearsay evidence, though admissible in administrative hearings, cannot alone support an order of the Commission. *Allen v. Industrial Commission*, 36 Colo.App. 330, 540 P.2d 358 (1975). However, this principle is not dispositive of the order on review because the Commission determined that the prevailing wage is not relevant or at least is not controlling.

■ Under § 8–73–107, C.R.S.1973, to be eligible for unemployment compensation, a claimant must be actively seeking work and able and available for "all work deemed suitable pursuant to the provisions of § 8–73–108, C.R.S.1973." In pertinent part, § 8–73–108, C.R.S.1973 (1979 Cum.Supp.), states:

"(5) Reduced award . . . . [A]n individual who refuses to accept suitable work or refuses a referral to suitable work shall be disqualified from receiving benefits . . . . ; otherwise, he shall be given a full award as determined by the division in conformity with the facts. . . .

. . . . .

"(w)(I) The refusal of suitable work or refusal of referral to suitable work at any time after the last separation from em-

ployment that occurred prior to the time of filing the initial claim. . . . Notwithstanding any other provisions of articles 70 to 82 of this title, no work shall be deemed suitable and benefits shall not be denied . . . to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

. . . . .

"(B) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality;"

Thus, if the wages offered are substantially less than the prevailing wage, the work is not "suitable." A claimant is not required to accept work that is not suitable, and § 8–73–108(w)(I)(B) does not provide additional limitations. Therefore, the Commission erred in determining that the prevailing wage was not controlling and in imposing other conditions. The referee's order was correct in its determination of benefits and should be reinstated.

The order is set aside and the cause is remanded with directions to reinstate the order of the referee.

RULAND and KELLY, JJ., concur.