Nancy L. KIESLING, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado (Ex–Officio Unemployment Compensation Commission of Colorado), and Colorado Division of Employment and Training, Respondents.

No. 79CA1147.

Colorado Court of Appeals, Div. II.

Aug. 21, 1980.

William E. Benjamin, Commerce City, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Molly Sommerville, Asst. Atty. Gen., Denver, for respondents.

ENOCH, Chief Judge.

Claimant, Nancy L. Kiesling, seeks review of an order of the Industrial Commission which reduced her unemployment compensation benefits for a period of 16 weeks pursuant to § 8–73–108(5), C.R.S. 1973 (1979 Cum.Supp.). We affirm.

Claimant contends that the Commission's decision was erroneous as a matter of law because it failed to specify a particular subsection of § 8–73–108(5), C.R.S. 1973 (1979 Cum.Supp.), which would justify a reduced award.

The Commission, in affirming the referee's determination on the basis of evidence it considered competent, in effect adopted the referee's finding on such "pertinent factors" as the claimant's absenteeism, tardiness, and poor attitude and the employer's dissatisfaction with her work. Given these circumstances, a reduced award was justified under § 8–73–108(5)(x), C.R.S. 1973 (1979 Cum.Supp.).[1] Thus, we perceive no abuse of discretion in the Commission's order, despite the fact that the statutory subsection was not expressly cited. *See*

1. Although § 8–73–108(5)(x), C.R.S. 1973 (1979 Cum.Supp.), did not govern the referee's determination, it was applicable at the time of the

Commission's final order in December of 1979. Colo.Sess. Laws 1979, ch. 67, § 25 at 356.

*Anyon v. Industrial Commission,* 42 Colo. App. 88, 589 P.2d 1390 (1979).

Contrary to the assertion of the parties, *Albaitis v. Industrial Commission,* Colo. App., 609 P.2d 1118 (1980) (cert. granted, April 21, 1980), is not directly in point on this issue. In that case the reasons relied on by the Commission for reduction of benefits were not among the 23 situations listed in § 8–73–108(5), C.R.S. 1973 (1979 Cum. Supp.), whereas in this case the reasons relied on are covered by subsection (5)(x).

 Claimant also contends that the Commission erred in upholding the referee's decision to reduce her benefits for 16 weeks, whereas the deputy whose decision she appealed disqualified her for only a 12–week period. She maintains that the length of the period of disqualification was not one of the issues raised at the hearing on her appeal and that the referee exceeded his statutory authority and violated her right to due process of law in increasing the penalty period. *Armijo v. Industrial Commission,* Colo.App., 610 P.2d 107 (1980) is dispositive of this contention.

Order affirmed.

PIERCE and VAN CISE, JJ., concur.