BLACK MOUNTAIN SPRUCE, INC., and State Compensation Insurance Fund, Petitioners,

v.

Michael Joe JOHNSON (Deceased), Industrial Commission of Colorado, and Subsequent Injury Fund, Respondents.

SUBSEQUENT INJURY FUND, Petitioner,

v.

BLACK MOUNTAIN SPRUCE, INC., Katie Jo Johnson, Claimant, in the Matter of the Death of Michael Joe Johnson, State Compensation Insurance Fund, Industrial Commission of Colorado, and Director, Division of Labor, Respondents.

Nos. 82CA0093, 82CA0101.

Colorado Court of Appeals, Div. III.

Feb. 3, 1983.

Rehearing Denied March 17, 1983.

Russell A. Stanley, Denver, for petitioners Black Mountain Spruce, Inc., and State Compensation Ins. Fund in 82CA0093 and respondent State Compensation Ins. Fund in 82CA0101.

Martin & Drought, Keith Tempel, Englewood, Gibson, Dunn & Crutcher, Rebecca Love, Denver, for respondents Michael Joe Johnson (Deceased) and Katie Jo Johnson.

J.D. MacFarlane, Atty. Gen., Edward R. Martinez, Regional Asst. Atty. Gen., Grand Junction, for respondent Subsequent Injury Fund in 82CA0093 and petitioner Subsequent Injury Fund in 82CA0101.

J.D. MacFarlane, Atty. Gen., David Aschkinasi, Timothy Arnold, Asst. Attys. Gen., Denver, for respondent Industrial Commission of Colorado in 82CA0093 and respondents Industrial Commission of Colorado and Director, Division of Labor, in 82CA0101.

Mark J. Fischer, Hayden, for respondent Black Mountain Spruce, Inc., in 82CA0101.

BERMAN, Judge.

The State Compensation Insurance Fund and deceased's employer seek review of an award of widow's benefits to claimant. By a separate petition, the subsequent injury fund seeks review of the same award. We affirm the former and dismiss the latter.

The claimant, Katie Jo Johnson, when she was 16 and before completing high school, married Michael Johnson on May 3, 1980. Katie Jo quit high school, and the couple soon thereafter moved to a camp trailer near where Michael was employed as a logger by Black Mountain Spruce, Inc. Katie Jo was never employed during the marriage.

On an evening in late July 1980, Michael announced to Katie Jo that he had "had it" and ordered her to get into their truck so that they could "go into town and get a divorce." Michael drove the truck to his parent's house where he ordered Katie Jo to get out. When she refused, he threatened to remove her forcibly. He then abandoned her on the sidewalk.

Katie Jo stayed with Michael's sister that evening, and thereafter moved in with members of her immediate family. Michael petitioned for dissolution of the marriage. After the separation, Katie Jo did not receive any support from Michael. Before the dissolution action was final, Michael suffered fatal injuries when a log truck he was driving left the road and rolled down the mountainside.

Katie Jo filed for workmen's compensation death benefits as Michael's widow. The Industrial Commission found that she was entitled to payments of $213.33 per week for life, unless she should sooner remarry, and these petitions for review followed.

## I.

■ The petition filed by the subsequent injury fund in No. 82CA0101 is dismissed. We also dismiss the subsequent injury fund as a respondent in No. 82CA0093. This court has determined that "the subsequent injury fund is not a legal entity" with capacity to sue and be sued. *Sears, Roebuck & Co. v. Baca,* 670 P.2d 1244 (Colo.App. 1983).

## II.

We retain jurisdiction of the petition filed by Black Mountain Spruce, Inc., deceased's employer, and the State Compensation Insurance Fund in No. 82CA0093. These petitioners argue that the findings by the Industrial Commission (Commission) and the referee that claimant and the deceased were involuntarily separated and that claimant was dependent on deceased were not supported by competent evidence in the record. We disagree.

■ Determination of whether a widow is a dependent entitled to benefits under the Workmen's Compensation Act is controlled by § 8–50–101, C.R.S.1973 (1982 Cum.Supp.). It provides:

"[T]he following described persons shall be presumed to be wholly dependent

(however, such presumption may be rebutted by competent evidence): (a) Widow or widower, unless it is shown that she or he was voluntarily separated and living apart from the spouse at the time of the injury or death or was not dependent in whole or in part on the deceased for support ...."

Here, in order to award benefits, the Commission must find both that the claimant was involuntarily separated and that she was at least partly dependent on the deceased for support. *Diamond Industries v. Claimants in Death of Crouse,* 41 Colo. App. 541, 589 P.2d 1383 (1978).

■ As to the question of whether claimant and deceased were involuntarily separated, we conclude that the Commission's finding of involuntary separation was supported by the record which establishes that the claimant was forcibly removed from her home and abandoned by the deceased. The claimant testified that when the deceased ordered her to leave she "didn't want to go," and that she only obeyed his orders because she was "afraid of him." The only conflicting evidence is one statement by the claimant's sister that she believed the deceased and claimant to be voluntarily separated. Findings of the Industrial Commission that are supported by competent probative evidence, regardless of whether there is conflicting evidence, are conclusive on review. *Eisnach v. Industrial Commission,* 633 P.2d 502 (Colo.App.1981).

Petitioners contend that the evidence establishing involuntariness was hearsay and note that under *Romero v. Industrial Commission,* 616 P.2d 992 (Colo.App.1980) "hearsay evidence ... cannot alone support an order of the Commission."

■ However, it is not error for an administrative agency to admit hearsay evidence, as long as it is not the sole support for the agency's findings, *Romero, supra,* and here, a great deal of the evidence supporting involuntariness was non-hearsay. We recognize that some hearsay evidence

was admitted, but clearly, the claimant's own in-court testimony as to the involuntary nature of the separation was not hearsay, and her testimony alone was sufficient non-hearsay evidence to support the Commission's finding of involuntariness.

Petitioners also argue that claimant did not satisfy the second prong of the eligibility test, *i.e.*, that the claimant was not "dependent in whole or in part on the deceased for support." Petitioners contend that, after the separation, claimant did not request, nor did she receive, any support from the deceased and that, under *Diamond Industries, supra,* this was sufficient to rebut a presumption of dependency. We disagree.

First, if a claimant demonstrates a need for support, then the deceased's obligation to support the claimant, whether or not the duty is being discharged, is sufficient to establish dependency. *Tilley v. Bill's Sinclair,* 34 Colo.App. 141, 524 P.2d 314 (1974). The Commission's finding of claimant's need was supported by evidence. The claimant had not finished high school and was not trained for any sort of employment. And, simply because her family did not allow her to starve following the separation does not mean that she had no need for support from her husband.

Moreover, the claimant was totally dependent on deceased for support prior to the separation. We see no reason why deceased's failure to provide support after the separation diminishes claimant's demonstration of need. In any event, here the finding of dependency by the Commission will not be disturbed on review because it was a question of fact properly determined according to statutory procedures. *In re Death of Kilian v. Industrial Commission,* 654 P.2d 1333 (Colo.App.1982). *See also Clarke v. Clarke,* 95 Colo. 409, 36 P.2d 461 (1934).

Petition No. 82CA0101 by the subsequent injury fund is dismissed. The subsequent injury fund is stricken as a respondent in No. 82CA0093. The order is, in all other respects, affirmed.

KIRSHBAUM and TURSI, JJ., concur.