. CITY OF AURORA, Petitioner,

v.

CLAIMANT IN the MATTER OF the DEATH OF Debra S. CORR, and Industrial Commission of the State of Colorado, Respondents.

No. 83CA0947.

Colorado Court of Appeals,
Div. IV.

March 29, 1984.

Rehearing Denied May 10, 1984.

Certiorari Denied Oct. 22, 1984.

Morrisard & Rossi, P.C., James L. Cox, Aurora, for petitioner.

Richard L. Garnett, Idaho Springs, for respondent claimant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondent Indus. Comn.

HODGES, Justice.*

In this workmen's compensation case, employer, City of Aurora, seeks review of a final order of the Industrial Commission which reversed the hearing officer's denial of the claim and granted death benefits to claimant, Peter B. Corr, Sr. We set aside the order of the commission.

Debra S. Corr, claimant's wife, was fatally injured in a compensable accident on June 27, 1981, while working for the Aurora Police Department. Twelve days before her death, claimant had filed a petition for dissolution of marriage which decedent signed as co-petitioner. In the petition claimant asserted that the parties had been separated since May 30, 1981.

At a hearing on the issue of dependency, claimant testified that after their separation he continued to live in the marital residence and decedent moved to her own apartment. It was also shown that they earned approximately equal salaries, that each was paying for his or her living expenses, and that they were sharing or planning to share responsibility for the payment of joint obligations which were incurred during the marriage. Claimant testified also that he had communicated with his wife after the separation, and had discussed the possibility of reconciliation with her.

The hearing officer found that the presumption of dependency set forth in § 8–50–101(1), C.R.S. 1973 (1983 Cum.Supp.) had been rebutted and therefore denied the claim.

In support of the denial, the hearing officer specifically found that the claimant and decedent "were voluntarily separated and living apart at and before" the decedent's death. The hearing officer also found from the evidence that the claimant was not wholly or partially dependent on the decedent "for support at and for a reasonable time before her death," and that the existence of several joint obliga-

---

\* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

tions did not establish any partial dependency of the claimant for support by the decedent.

Section 8–50–101(1), C.R.S. (1983 Cum. Supp.) provides in pertinent part that:

[T]he following described persons shall be presumed to be wholly dependent (however, such presumption may be rebutted by competent evidence):

(a) widow or widower, unless it is shown that she or he was voluntarily separated and living apart from the spouse at the time of the injury or death or was not dependent in whole or in part on the deceased for support .... "

The Commission reversed, holding that the hearing officer's conclusion was "contrary to the weight of the evidence" and erroneous as a matter of law. The Commission found, *inter alia,* that the evidence established that "the separation and living apart was not voluntary on [claimant's] part," that he had frequently attempted to end the separation, and that "he did not wish the separation to continue." The Commission concluded that the fact of separation, the fact that the parties were paying their own immediate living expenses, and the fact that a dissolution action had been filed did not rebut the dependency presumption. It found also that partial dependency for support existed because of their "ongoing joint obligations."

In its petition, the employer challenges the Commission's finding and order awarding death benefits to the claimant.

The Commission erred in holding that the hearing officer's finding and conclusions were contrary to the weight of the evidence. Our review of this record reveals ample evidence to support the findings and denial of the claim by the hearing officer, and no evidence or inferences to support the Commission's reversal.

■ Under the circumstances here, the parties' estrangement, as evidenced not only by their living apart but by the fact

that claimant filed a petition for dissolution of marriage shortly before his wife's death, established his voluntary separation from her under § 8–50–101(1). Claimant's testimony that he was discussing reconciliation with the decedent does not negate the fact that at the time of her death the separation was voluntary and deliberate on his part. *Cf. Latting v. Broadmoor Hotel, Inc.,* 105 Colo. 386, 98 P.2d 857 (1940); *Black Mountain Spruce, Inc. v. Johnson,* 670 P.2d 1241 (Colo.App.1983).

■ We also find as a matter of law that the mere existence of joint obligations after separation and filing of a dissolution of marriage petition does not, under § 8–50–101, indicate partial dependency between an estranged couple voluntarily living apart and supporting themselves by their individual earnings.

Thus, since the Commission's order of reversal is not supported by the evidence, it cannot stand. *See Martinez v. Industrial Commission,* 32 Colo.App. 270, 511 P.2d 921 (1973); *see also City & County of Denver School District No. 1 v. Industrial Commission,* 196 Colo. 131, 581 P.2d 1162 (1978).

The order of the Commission is set aside and the cause is remanded for entry of an order affirming the hearing officer's order of September 1982, which order denied the claim.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.