**SUBSEQUENT INJURY FUND,**
Petitioner,

v.

**BLACK MOUNTAIN SPRUCE, INC., Katie Jo Johnson, Claimant, in the Matter of the Death of Michael Joe Johnson, State Compensation Insurance Fund, Industrial Commission of Colorado, and Director, Division of Labor, Respondents.**

No. 83SC112.

Supreme Court of Colorado,
En Banc.

June 18, 1984.
Rehearing Denied July 2, 1984.

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Denver, Edward R. Martinez, Regional Asst. Atty. Gen., Grand Junction, for petitioner.

Martin & Drought, Keith Tempel, Philip A. Harley, Englewood, for respondent Katie Johnson.

Duane Woodard, Atty. Gen., Ruthanne Gartland, Robert C. Lehnert, Asst. Attys. Gen., Denver, for respondent Indus. Com'n.

LOHR, Justice.

We granted certiorari to review the Colorado Court of Appeals' decision in *Black Mountain Spruce, Inc. v. Johnson*, 670 P.2d 1241 (Colo.App.1983), dismissing an appeal by the Subsequent Injury Fund (SIF). We conclude that the court of appeals correctly held that the SIF is not a legal entity with the capacity to sue and be sued. Under the circumstances of this case, however, we hold that dismissal is not the appropriate remedy. Therefore, we reverse the judgment of dismissal and remand for further proceedings.

Katie Jo Johnson filed a claim for death benefits under the workers' compensation act[1] after her husband, Michael Johnson, was killed in a work-related accident. A hearing officer ordered death benefit payments to the claimant, and the Industrial Commission affirmed.

The attorney general, on behalf of the SIF, sought review of the commission's order.[2] The SIF contended that, because of the pendency of a divorce action between the claimant and Michael Johnson and because he had not supported the claimant during their separation, Katie Jo Johnson was not dependent upon him for support and thus was not entitled to death benefits.[3] The Colorado Court of Appeals, relying on its decision in *Sears, Roebuck & Co. v. Baca*, 670 P.2d 1244 (Colo.App.1983), *aff'd in part, rev'd in part*, 682 P.2d 11 (Colo.1984), held that the SIF is not a legal entity with capacity to sue, and thus dismissed its appeal.

We held in *Sears, Roebuck & Co.* that, although the SIF is not a legal entity with the capacity to sue or be sued, the director of the division of labor is the proper party to represent and safeguard the interests of the SIF in workers' compensation proceedings. Thus, it was the responsibility of the director in this case to protect the interest

---

1. § 8–40–101 to –54–127, 3 C.R.S. (1973 & 1983 Supp.).

2. The employer and its insurer also appealed from the commission's order. The court of appeals considered their appeal on the merits and affirmed the Industrial Commission order. Neither the employer nor its insurer sought certiorari review.

3. Section 8–50–101(1)(a), 3 C.R.S. (1983 Supp.), provides that a widow is rebuttably presumed to be wholly dependent unless she was voluntarily separated from her spouse at the time of his death or was not wholly or partly dependent upon him for support. Section 8–50–103, 3 C.R.S. (1983 Supp.), provides for death benefit payments to dependents of the decedent.

The SIF's interest in the dependency issue in this case derived from section 8–51–106(1)(b), 3 C.R.S. (1983 Supp.), which provides that the employer or insurance carrier shall pay fifteen thousand dollars into the SIF for every compensable injury resulting in death where there are no dependents.

**1190**

of the SIF in receiving any payments from the employer or its insurer.[4]

As we observed in *Sears, Roebuck & Co.*, the commission has not promulgated rules and regulations explaining the procedures that must be followed to assure SIF participation in workers' compensation cases. Moreover, until *Sears, Roebuck & Co.* was decided, the fact that the SIF is not a legal entity had not been judicially resolved and the role of the director of the division of labor as the proper party to represent the SIF and safeguard its interests was nowhere explicitly delineated. From the record in this case, we are unable to discern whether the attorney general's purported appeal on behalf of the SIF was authorized by the director or reflects the position of that official. *Cf.* § 8-53-129, 3 C.R.S. (1973) (attorney general to institute and prosecute proceedings for enforcement of workers' compensation act upon request of director). Under these circumstances, we conclude that it would be both unfair and unduly formalistic to dismiss the SIF appeal simply because the SIF is not a legal entity. Rather, the director should be given an opportunity to be substituted for the SIF in the appeal from the Industrial Commission granting death benefits to the claimant, or to determine that the appeal is not necessary to safeguard the interests of the SIF and should be dismissed. *Cf. Sears, Roebuck & Co.* (where employer has no regulatory guidance concerning manner of obtaining SIF participation in workers' compensation proceedings, due process requires that commission promulgate rules and regulations and provide employer with opportunity for hearing pursuant thereto).

We reverse the judgment of the court of appeals and remand this case to that court for further proceedings consistent with this opinion.

KIRSHBAUM, J., does not participate.

---

**4.** Subsequent to the events in the instant case, the General Assembly has explicitly authorized the director to "administer and conduct all matters involving the subsequent injury fund in the name of the division [of labor] ...." H.B. No. 1160, sec. 1, § 8–51–106(5) (March 26, 1984).