Judy A. MICHALSKI, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO; Director, Division of Labor, Department of Labor and Employment; San Luis Valley Boces; Transportation Insurance Company; Cynthia Lambert; Sandra K. Lambert; and Patricia Lambert for Randall T. Lambert, Jr., Respondents.

No. 88CA1726.

Colorado Court of Appeals, Div. IV.

Sept. 14, 1989.

Dawes and Crane, P.C., Robert C. Dawes, Gail C. Harris, Durango, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Clifton & Hemphill, P.C., Pamela J. Adams, Karl A. Schulz, Denver, for respondents San Luis Boces and Transp. Ins. Co.

Candelaria & Spitzer, Daniel G. Spitzer, Durango, for respondents, Cynthia Lambert, Sandra Lambert and Patricia Lambert.

Opinion by Judge DUBOFSKY.

In this workmen's compensation case, Judy A. Michalski (claimant) seeks review of the final order of the Industrial Claim Appeals Office (Panel) which affirmed the order of the Administrative Law Judge (ALJ) denying her death benefits as the widow of Randall T. Lambert (decedent). We set aside the order.

At the time of his death, decedent was married to claimant. Claimant testified that she and decedent intended to live together and not apart but that, as a result of their separate jobs, during the work week decedent lived in college housing in Alamosa while claimant maintained an apartment in Durango. Claimant paid the rent on her apartment from her income and decedent paid his own rent. They jointly purchased a condominium in Pagosa Springs, which is located between Alamosa and Durango, in order to spend their weekends together. Decedent paid the mortgage, electricity, and association fees for the home in Pagosa Springs, while claimant paid decedent's credit card bills.

Claimant contends that, since her weekday separation from decedent was caused solely by the economic circumstances of the location of their employment, they were not "voluntarily separated" within the meaning of § 8–50–101 C.R.S. (1986 Repl.Vol. 3B) at the time of decedent's death. She also asserts that she was dependent in part on the decedent because he made the monthly payments on the family home in Pagosa Springs.

The ALJ found that decedent paid for the condominium in Pagosa Springs but rejected claimant's argument and determined that the statutory presumption of dependency afforded to a widow in workmen's compensation cases was rebutted by the evidence.

■ The ALJ determined that under these facts the claimant was ineligible for death benefits because the parties were voluntarily separated and there was no dependency. The Panel, relying on *City of Aurora v. Claimant in re Death of Corr*, 689 P.2d 659 (Colo.App.1984), affirmed the ALJ's determination. The Panel relied on the facts that the decedent did not contribute toward claimant's monthly living expenses and that claimant was employed, maintained a separate residence, and was able to support herself with her own employment income. We disagree both with the ruling that the parties were voluntarily separated and with the conclusion that the wife was not dependent on decedent for support.

■ In order to deny death benefits to a surviving spouse under § 8–50–101, the Panel must find that claimant and decedent were voluntarily separated or that claimant was not at least partly dependent on the deceased for support. *Black Mountain*

*Spruce, Inc. v. Johnson,* 670 P.2d 1241 (Colo.App.1983), *rev'd on other grounds sub nom. Subsequent Injury Fund v. Black Mountain Spruce, Inc.,* 682 P.2d 1188 (Colo.1984).

If, as here, the facts concerning decedent's living arrangements and the reasons therefor are undisputed, the legal conclusion to be determined is a matter appropriately for the appellate court. *See Romero v. Industrial Commission,* 632 P.2d 1052 (Colo.App.1981).

## I.

▉ The question of the dependency of a husband and wife who are living apart does not turn on time or distance but upon the nature and character of the absence and the intention of the parties respecting it. *Latting v. Broadmoor Hotel, Inc.,* 105 Colo. 386, 98 P.2d 857 (1940) (wife who was living apart from her husband because of her job was entitled to death benefits).

▉ Numerous circumstances, including employment, may necessitate spouses living apart for substantial periods of time. *See Empire Zinc Co. v. Industrial Commission,* 71 Colo. 251, 206 P. 158 (1922); *Tilley v. Bill's Sinclair,* 34 Colo.App. 141, 524 P.2d 314 (1974). Today, both husband and wife working outside the home is the norm, and it is not unusual that employment opportunities may cause a couple to be physically separated. Such separation does not alter the right of a surviving spouse to death benefits under § 8–50–101.

Here, since there was no pending proceeding in divorce or legal separation, since claimant and deceased were not estranged, and since they intended to maintain their marital relation, they were not voluntarily separated and living apart at the time of the death under § 8–50–101. *See Gold Mines Consolidated, Inc. v. Simmons,* 107 Colo. 359, 112 P.2d 555 (1941).

Therefore, claimant was not precluded from recovering death benefits by virtue of being "voluntarily separated" from decedent at the time of his death.

## II.

Claimant's entitlement to benefits thus turns upon whether she was dependent on decedent in whole or in part for support at the time of his death.

Here, the ALJ found that decedent paid all expenses associated with the family home located in Pagosa Springs and that in exchange claimant helped support decedent by paying off the balances on his credit cards. Claimant earned $2500 per month and testified that she was able adequately to take care of her own monthly needs on her income.

Claimant argues that she is not required to prove that she was dependent on decedent for necessities but only that decedent contributed to her support. We agree.

In *Diamond Industries v. Claimants in re Death of Crouse,* 41 Colo.App. 541, 589 P.2d 1383 (1978), the court stated:

"[T]he statute provides that a widow is 'wholly' dependent under the statute regardless of whether she receives all or only part of her support from the decedent. Hence, the presumption afforded by the statute is overcome only by a finding that the widow receives *no support from the deceased.*" (emphasis supplied)

▉ Although the claimant may have other substantial sources of support, any contribution of the decedent is sufficient to meet the dependency requirements of § 8–50–101. *Diamond Industries v. Claimants in re Death of Crouse, supra.* *See also* 2A A. Larson, *Workmen's Compensation Law* § 63.12(a) (1987); *Byrd v. Industrial Commission,* 658 P.2d 274 (Colo.App.1982) (mother who received $30 per week from her son was partially supported by him).

Here, the findings of the ALJ, as adopted by the Panel, do not support the conclusion that claimant was not dependent on decedent. Rather, because of the mutually agreed upon method by which they supported themselves, claimant was dependent, in part, on decedent for the payment of the mortgage, electricity and association fees on the Pagosa Springs condominium.

Hence, under the statute, she is considered "wholly dependent" on him. *See Diamond Industries v. Claimants in re Death of Crouse, supra.* Consequently, claimant was entitled to death benefits as the dependent widow of decedent.

Accordingly, the Panel's order denying benefits to claimant is set aside, and the cause is remanded for determination of claimant's share of the available death benefits.

TURSI and FISCHBACH, JJ., concur.