EXETER DRILLING and Travelers Insurance Company, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Director, Department of Labor and Employment, Division of Labor, State of Colorado, Marie Sickler and Melvin J. Sickler, Jr., Respondents.

No. 89CA2106.

Colorado Court of Appeals, Division I.

Oct. 11, 1990.

Blackman & Levine, Lawrence D. Blackman, Barbara S. Henk, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Michael J. Steiner, First Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Dept. of Labor and Employment.

Richard T. Goold, Denver, for respondent Marie Sickler.

Glasman, Jaynes & McBride, Patricia Jean Clisham, Denver, guardian ad litem, for respondent Melvin J. Sickler, Jr.

Opinion by Judge PIERCE.

The question for review is whether Marie Sickler (claimant), widow of Melvin J. Sickler, should be permitted to reopen the settlement agreement with the decedent's employer and its insurer on the ground of mistake. The Industrial Claim Appeals Office (Panel) affirmed an order of the Administrative Law Judge (ALJ) granting the petition to reopen and ordering the petitioners, Exeter Drilling and Travelers Insurance Company, to pay Sickler dependency benefits. We affirm.

Melvin J. Sickler was killed during the course of his employment for Exeter Drilling in August 1976. Thereafter, claimant entered into a settlement agreement with the petitioners. The agreement required the petitioners to pay dependency benefits to the decedent's minor son. The parties, however, stipulated that claimant did not qualify for dependency benefits because she was not a wholly dependent spouse within the meaning of § 8–50–101(1)(a), C.R.S. (1986 Repl Vol. 3B). The agreement was approved by the Division of Labor.

In August 1988, prior to termination of her minor son's benefits, claimant filed a petition to reopen the claim. The petition alleged that claimant qualified as a wholly dependent spouse under § 8–50–101(1), and that the parties had mistakenly agreed otherwise. Following a hearing, the ALJ found that claimant met the statutory requirements for spousal dependence at the time of decedent's death and that the petition to reopen should be granted. On review, the Panel affirmed the ALJ's order.

### I.

The petitioners first contend that claimant's petition to reopen was untimely. We disagree.

The statute governing the reopening of claims was amended and recodified during the interim between the decedent's death and the filing of claimant's petition to reopen. However, we need not decide which statute controls, *see generally* 3 A. Larson, *Workmen's Compensation Law* § 81.20 (1989), since the result we reach would be the same under either version of the statute. *See Thye v. Vermeer Sales & Service,* 662 P.2d 188 (Colo.App.1983).

Insofar as pertinent here, both the former statute, Colo.Sess. Laws 1975, ch. 71, § 8–53–119 at 307, and the present statute, § 8–53–113(2)(a), C.R.S. (1990 Cum.Supp.), provide that a petition to reopen must be filed within two years "after the date the last [benefits payment] becomes due and payable."

The dispute here is whether the timeliness of the petition is governed by reference to claimant's own initial waiver of benefits, or to her minor son's ongoing receipt of benefits. Claimant argues that the petition was timely inasmuch as ongoing benefits were being paid to her minor son at the time the petition was filed. We agree.

More specifically, our supreme court has reiterated that the reopening authority un-

der § 8–53–113 reflects a strong legislative policy that "the goal of achieving a just result overrides the interest of litigants in accomplishing a final resolution of their dispute in workers' compensation cases." *Loffland Bros. Co. v. Industrial Claim Appeals Panel*, 770 P.2d 1221 (Colo.1989), *citing Padilla v. Industrial Commission*, 696 P.2d 273 (Colo.1985).

Section 8–53–113(2)(a) contains no exception or restriction for cases in which multiple dependents have claimed a right to benefits pursuant to § 8–50–101(1), C.R.S. (1986 Repl.Vol. 3B). Thus, for this court to infer an *implied* restriction on the right of such dependents to reopen their claims would be tantamount to judicial legislation. *See Industrial Commission v. Rowe*, 162 Colo. 248, 425 P.2d 274 (1967). Therefore, we agree with the Panel that if, as here, only one claim for dependency benefits has been filed, the time period for filing a petition to reopen is governed by the payment of compensation to any dependent listed in the initial claim. Hence, as the claimant's petition was filed prior to the termination of her minor son's dependency benefits, the petition was timely.

### II.

We also reject the petitioners' contention that claimant was not a wholly dependent spouse at the time of the decedent's death.

The statutory presumption of spousal dependency under § 8–50–101(1) can be rebutted only by a showing that the surviving spouse was voluntarily separated and living apart from the decedent *or* was not dependent on the decedent for support at the time of death. *See Diamond Industries v. Claimants in re Death of Crouse*, 41 Colo.App. 541, 589 P.2d 1383 (1978).

Here, there was ample evidence that claimant's separation from the decedent was not voluntary, *see Michalski v. Industrial Claim Appeals Office*, 781 P.2d 183 (Colo.App.1989), that claimant was dependent on the decedent for necessary support, and that he was legally obligated to provide for her support at the time of his death. *See Black Mountain Spruce, Inc.*

*v. Johnson*, 670 P.2d 1241 (Colo.App.1983), *rev'd on other grounds*, 682 P.2d 1188 (Colo.1984); *Tilley v. Bill's Sinclair*, 34 Colo.App. 141, 524 P.2d 314 (1974). Therefore, we agree with the Panel that claimant was a wholly dependent spouse within the meaning of § 8–50–101(1).

Furthermore, the parties' mistaken belief that claimant was ineligible for dependent benefits constituted a sufficient basis for reopening the case. *See Travelers Insurance Co. v. Industrial Commission*, 646 P.2d 399 (Colo.App.1981).

Order affirmed.

SMITH and DAVIDSON, JJ., concur.